## PETER MARSHALL v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

October 30, 1914.

Nos. 18,805—(69).

**Evidence of custom — instruction to jury — verdict.**

> Where the court in an action to recover for personal injuries, instructed the jury that plaintiff could not recover, unless a custom existed to give warning of the danger, and there is no evidence tending to prove the existence of such custom, a verdict for plaintiff cannot be sustained.

[1] Reported in 149 N. W. 296.

Action in the district court for Waseca county to recover $3,000 for personal injury sustained while in the employ of defendant. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony defendant's motion to direct a verdict in its favor, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Edward C. Stringer, McNeil V. Seymour* and *Edward S. Stringer,* for appellant.

*Moonan & Moonan,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for personal injuries, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

At the time of the accident, a bridge crew, of which plaintiff was a member, were engaged in removing from a trestle bridge a bent or row of piling which had become decayed to such an extent that it was to be replaced by new material. In constructing the bridge a heavy timber had been placed across the top of the bent or row of piling as a cap, and had been fastened to the piling by drift bolts driven through the cap and into the top of each pile near its center. In removing the piles, the crew cut them off eight or ten feet below the cap timber, pushed or pulled the lower end of the upper piece free from the lower piece which was embedded in the ground, and then worked the upper piece loose from the drift bolt which held it to the cap timber. At all times prior to the accident, the upper piece, after it had been pulled free from the lower piece, had been held suspended by the drift bolt, which fastened it to the cap timber, until the men by twisting it and moving it back and forth worked it loose from such bolt. At the time of the accident plaintiff, unassisted, pulled the upper piece of one of the piles free from the lower piece, and it dropped down upon him dislocating his ankle. Subsequent examination disclosed that the wood around the drift bolt was rotten and the top of the pile cracked or split.

The complaint, among other things, alleged that it was the custom for the foreman to examine the cap timber and the top of the piles to ascertain whether they were rotten, and if they were, to give warning of that fact; and that he failed to give such warning concerning this pile. The trial court submitted the case to the jury solely upon the question as to whether such custom existed and had not been observed in this instance. Consequently the verdict of the jury is necessarily based upon a finding that such custom existed.

A careful examination of the record forces us to the conclusion that there is no evidence to sustain this finding. The only evidence bearing upon the question is the testimony of plaintiff himself. His testimony fairly construed amounts only to this: That whenever the foreman observed a dangerous situation he called attention to the danger; but that he had never, at any time, either when at work upon this bridge or upon other bridges, given warning that the top of any pile was rotten or defective, or the drift bolt loose. Such testimony is wholly insufficient to sustain a finding that a custom existed to give warning whenever the top of a pile was rotten or defective.

The court instructed the jury that: "You must find that there was a custom of the foreman to examine the tops of this piling and warn the men when the same was rotten and, if there was no such custom, the plaintiff cannot recover and your verdict must be for the defendant." As there is no evidence tending to prove such custom, it was error to submit the case to the jury upon such issue, and the verdict, which, under such instruction, is necessarily based upon a finding that such custom existed, cannot be sustained. It does not conclusively appear, however, that plaintiff has no cause of action, and the circumstances do not require that judgment be directed notwithstanding the verdict; but the order denying a new trial must be reversed and a new trial granted.

So ordered.