ARTHUR C. HAHN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 14, 1923.

No. 23,626.

**Negligence not proved.**
1. Evidence examined and found that it fails to prove negligence.

**Railway must provide reasonably safe instrumentalities.**
2. Duty of railway company to have instrumentalities reasonably safe for the performance of the functions for which they are designed.

[1] Reported in 196 N. W. 257.

**Negligence not inferred from improper use of instrumentalities.**

3. An injury arising out of the improper use of *instrumentalities* does not justify the inference of negligence.

Action in the district court for Ramsey county to recover $10,000 for injuries received while in defendant's employ. The case was tried before Hanft, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for respondent.

WILSON, C. J.

This is an action to recover for personal injuries arising out of the act of plaintiff getting off of a moving locomotive. Plaintiff was employed by the defendant railway company as a checker in its yards at La Crosse, Wisconsin. The company maintains a signal tower, with the usual equipment connected therewith, for the purpose of operating an interlocking signal and switching system. A portion of this equipment is outside the tower building, adjacent to it and necessarily located as near the track as possible. This portion of the equipment is housed in a box to protect it from the elements and from obstacles that may fall into the machinery. The housing box here involved sets up against the side of the tower and extends in length the width of the tower which is about 25 feet, and about 5 feet in width, made out of planks and having a slope from the tower and toward the tracks of nearly 5 inches in 5 feet, for the purpose of drainage. At one end of this housing is a step, and, in its general appearance, it resembles a platform. Pipes and rods, which are a part of this system, but which do not extend upward as high as the machinery in the housing, extend along on the ground for a distance from each end of the housing.

The housing is too short to be safely used as a platform by men alighting from moving trains. The place where the pipe and rods are located is also unsafe.

Plaintiff was on night duty and was directed to ride an engine up to the tower and there deliver an interchange report. He got on the

engine for this purpose. His foreman and two switchmen also got on. The engineer was going some two or three hundred feet beyond the tower where he would stop. This, the plaintiff did not know, and he did not make his own intentions as to his own plans or movements known to any of the other men on the engine.

When approaching near the tower, the plaintiff stepped down the steps of the engine on the left hand side, which was on the tower side, apparently to better see their location in preparation for getting off when they reached their destination. The foreman also immediately stepped down on the steps and stood behind the plaintiff, but he did not know that plaintiff intended to get off before the engine stopped, and he supposed plaintiff would not get off until they reached the place where the engine was to stop. The plaintiff carried his lantern, the time being about one o'clock in the morning. When the engine got along the side of the housing of the machinery, and going about 5 miles per hour, plaintiff undertook to step off into the housing, using it as a platform, and, in doing so, he fell and was injured.

Plaintiff brought this action to recover for his injuries, claiming that the defendant was negligent because this so-called platform was not level; that it was slippery from frost; that it was not lighted; that defendant failed to warn plaintiff of the unsafe condition of this platform and of the dangers incident to alighting thereon. The defendant denied negligence and alleged assumption of risk.

The plaintiff supports his claim with some testimony that tends to show that some of the defendant's switchmen at times had gotten off of moving trains on this housing as if it were a platform.

When the plaintiff rested, the defendant moved for a dismissal which was denied. At the close of the case, the defendant moved for a directed verdict which was granted. Plaintiff moved for a new trial and has now appealed from the order denying that motion.

The housing for the machinery was built for that purpose and was not in any way recognized by the company as an alighting place. The housing is a mechanical contrivance of a proper type of construction for the purposes for which it is maintained. If it may be said to have caused injury to appellant, it is only because

of his attempt to use it for an improper purpose. It is the duty of the company to see that such instrumentalities are reasonably safe for the performance of the functions for which they are designed. An injury arising out of the improper use of the instrumentality does not justify an inference of negligence. It would be unfair and unjust to require the company to answer for an injury, where the emergency which tested the quality or capacity of the instrumentality arose ont of an occurrence which implied no culpability on its part. Labatt, Master & Servant (1st ed.) § 26. Such instrumentalities are in the class of switch posts, rails and other things in and about railroad tracks which render particular places unsafe for alighting, but that does not show negligence on the part of the company.

The record shows that the company did not direct this housing to be used as a platform and it at no time had any reason to expect that appellant would so attempt to use it. The appellant seems to have imposed upon this instrumentality a new function, namely, that of a platform which the company never contemplated. We find that there was no violation of duty on the part of the company and that the record fails to disclose actionable negligence upon which appellant may maintain this action. The trial court was right in directing the verdict and in denying the motion for a new trial.

Order affirmed.