## JOHN R. CAYSE v. FOLEY BROTHERS, INC.

110 N.W. (2d) 201.

June 9, 1961—No. 38,053.

*Lipschultz, Altman, Geraghty & Mulally,* for appellant.
*Stringer, Donnelly & Sharood,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying defendant's motion for judgment notwithstanding a verdict in favor of plaintiff.

The same case was here before. Cayse v. Foley Brothers, Inc. 255 Minn. 176, 96 N. W. (2d) 238. Upon the first trial, liability was

predicated upon a violation of a statute. We held that the statute was inapplicable. Thereafter, the case was retried on the theory of common-law negligence, and a verdict again was returned for plaintiff. Inasmuch as issues were raised by the second trial which were not involved in the first trial and an examination of the entire record has become necessary in order to dispose of the issues now raised, some repetition of the facts stated in our former opinion seems to be desirable.

Defendant, Foley Brothers, Inc., had been engaged by Hamm Brewing Company to construct an addition to one of the company's buildings according to plans and specifications. Defendant employed subcontractors for various parts of the work. Plaintiff's employer, H. R. Nichols Company, was employed as a subcontractor to do plumbing and steamfitting. The old building continued to be used in the operation of the brewery throughout the period of construction. To maintain cleanliness there, a temporary wall was built as soon as the old wall had been removed. A door in the temporary wall was usually kept locked, and workmen on the job gained access to the old building by other means. Permission to use the temporary door could be obtained only from brewery personnel, who also kept the keys.

When the exterior wall of the new addition had been completed, certain pipes, duct work, and valves in the new building had to be connected to the existing plumbing in the old building. This work was performed by plaintiff's employer and had been completed prior to the accident here involved. However, a leaky pipe was discovered in the air-conditioning room in the basement of the old building, and plaintiff and a coworker were instructed by their employer's foreman to repair it. The piping was about 10 feet above the floor, and just under the piping was a concrete floor referred to as the mezzanine. The purpose of the mezzanine was to assist brewery personnel in regulating certain valves. This floor was about 4 feet from the ceiling, so that persons could not stand upright on it but were forced to crouch. The floor underneath the pipes was usually wet, although a drain prevented water from collecting thereon. The moisture was caused by condensation from various pipes, air-conditioning machinery, and frequent washings of the floor by brewery employees.

Numerous ladders of various types were used in the course of the construction. Plaintiff's employer had several stepladders of various lengths available for use by its employees. Defendant, in its carpentry shop, had constructed several portable straight ladders for use on this job, and they were in general use not only by its employees but by employees of the various subcontractors as well. These ladders were made of 2 x 4's with 1 x 4's or 1 x 3's for rungs. They were not equipped with hooks or rubber shoes, and the first action was based on a violation of a statute claimed to make such protection necessary. In the old building, the brewery also kept ladders for its employees similar to those built by defendant but equipped either with rubber shoes or hooks. In the present action, plaintiff contends that defendant was guilty of negligence in furnishing ladders not so equipped in that they were not safe for the use for which they were furnished.

The ladders built by defendant varied in length, some being 10, 12, 14, or 16 feet long.

When plaintiff and his coworker entered the room they found a portable wood ladder built by defendant, approximately 10 feet in length. This ladder, however, did not extend to the level of the mezzanine floor but reached a point 6 or 8 inches below it, even when placed at a very narrow angle. Plaintiff and his coworker ascended the ladder to search for the leak, without any difficulty. They decided they needed a flashlight, so plaintiff started down the ladder first, backing toward it and reaching down for the ladder with his left foot. His hands were free. As he was putting his right foot down, his weight shifted to his left foot and the ladder either slipped out from under him or fell sideways, causing him to fall to the floor and to sustain the injuries for which he now seeks to recover.

Plaintiff was an experienced workman and had used this same type of ladder thousands of times prior to the accident. He admitted that he could have used his hands for support if he had chosen to do so. It is defendant's contention here that the evidence does not sustain any finding of negligence on its part and, further, that if negligence is established plaintiff was guilty of contributory negligence and assumption of risk as a matter of law.

The claim of negligence is predicated upon failure to provide ladders

with rubber shoes or hooks. For the purpose of this opinion, we may admit that the evidence is sufficient to present a jury question on the issue of negligence although that is somewhat doubtful.[1] However, the crucial issue is whether plaintiff himself was guilty of contributory negligence or assumption of risk.

It is the contention of plaintiff that the question of whether as a matter of law he was guilty of contributory negligence or had assumed the risk involved in using the ladder was not open to examination at this time because of statements made in our former opinion in this case. In our former opinion, after holding that recovery could not be had on the theory on which the case was then tried, we said (255 Minn. 181, 96 N. W. [2d] 242):

"It does not follow, however, that plaintiff is wholly precluded from seeking relief. The mere absence of a statutory provision upon which to rest his claim does not prevent his reliance upon the rules of ordinary negligence. * * * If, at the time defendant constructed and distributed these ladders, it was reasonably foreseeable that one would be used by plaintiff in the performance of his duties and if it was unreasonable to construct the ladders without rubber shoes or hooks, then defendant may have been guilty of common-law negligence. That is a question of fact to be resolved upon a new trial. At such a time defendant will have available to it the defenses of contributory negligence and assumption of risk. We do not think that the evidence in the record before us establishes conclusively that plaintiff was contributorily negligent or that he assumed the alleged risks especially *in view of his counsel's sole reliance upon the theory that these defenses were not available to defendant.*" (Italics supplied.)

It is plaintiff's contention that the above statement established the law of the case and that, inasmuch as the evidence in the present trial is substantially the same as it was in the former one, our statement— "We do not think that the evidence in the record before us establishes conclusively that plaintiff was contributorily negligent or that he as-

---

[1]See, for instance, Hahn v. Chicago, M. & St. P. Ry. Co. 157 Minn. 354, 196 N. W. 257; McDonald v. Fryberger, 233 Minn. 156, 46 N. W. (2d) 260.

sumed the alleged risks"—determined that contributory negligence or assumption of risk was not established as a matter of law. The trouble with this position is that neither common-law negligence nor contributory negligence and assumption of risk were involved in the first trial. The first trial was based exclusively upon a claim of a violation of a statute which we held inapplicable. It may be that it was unfortunate that some mention was made of the availability of the defenses of contributory negligence and assumption of risk upon another trial based upon common-law negligence, but it is obvious that these issues were not before the court and were not determined on a record that did not involve them.

The situation here is not unlike that found in Marshall v. Chicago, R. I. & P. Ry. Co. 127 Minn. 244, 149 N. W. 296, and Id. 131 Minn. 392, 155 N. W. 208. In that case plaintiff's claim in the original trial was predicated upon a custom. We held that plaintiff had not proved his cause of action on that theory and granted a new trial. In so doing, we said (127 Minn. 246, 149 N. W. 297):

"* * * It does not conclusively appear, however, that plaintiff has no cause of action, and the circumstances do not require that judgment be directed notwithstanding the verdict * * *."

The case was retried on a different theory. Plaintiff again prevailed, and defendant moved for judgment notwithstanding the verdict. On appeal from denial of this motion, plaintiff contended, as plaintiff does here, that the decision of this court on the appeal from the first trial established the law of the case and that the question whether the evidence conclusively precluded recovery was not open to examination. In rejecting this claim, we said (131 Minn. 398, 155 N. W. 210):

"Plaintiff makes the claim that the holding on the former appeal that it did not conclusively appear that plaintiff had no cause of action, and that the circumstances did not require that judgment be directed notwithstanding the verdict, is the law of the case. It is the settled rule that, on a second appeal in the same case all questions, both of law and fact, which were or might have been determined on the first appeal are *res judicata*. 1 Dunnell, Minn. Dig. § 398, and cases cited.

But this rule hardly applies to all cases where the court has granted a new trial, but has declined to order judgment notwithstanding. Under a familiar doctrine of this court, it will not grant judgment absolute where it appears probable that plaintiff may have a meritorious cause of action, although on the record before the court no case has been made. We think the decision on the former appeal was upon this ground. It did not appear conclusively that plaintiff might not, on another trial, make a case for the jury; it was therefore not a case that required that judgment be directed notwithstanding the verdict. There has been another trial, no better case has been made, and it now appears that no better case can be made. The circumstances now require, in our opinion, a holding that it conclusively appears that plaintiff has no cause of action, and that defendant is entitled to judgment ending the litigation."

■ The doctrine that a former decision establishes the law of the case has no application where the evidence on a retrial is substantially different from the first or where the case is retried on a theory which raises issues that were not determined on the prior trial.[2]

In Standard Lithographing Co. v. Twin City Motor Speedway Co. 145 Minn. 5, 10, 176 N. W. 347, 349, we said:

"It is the settled rule of this court that its decision will not be reviewed in the same case except by way of reargument, and therefore that a determination once made upon an issue in the case will not be reviewed upon a subsequent appeal. 1 Dunnell, Minn. Dig. § 398, and cases cited. The rule stated in the absence of statute is one of practice and does not express a limitation of power. Messenger v. Anderson, 225 U. S. 436, 32 Sup. Ct. 739, 56 L. ed. 1152. It applies to questions decided but not to questions which are raised and not determined, and questions not decided may be considered on a second appeal."

In Kramer v. Northwestern Elev. Co. 97 Minn. 44, 47, 106 N. W. 86, 87, we said:

"* * * There is no doubt that an issue determined on an appeal

---

[2] 5B C. J. S., Appeal & Error, § 1834d(2).

will not be re-examined on a second appeal in the same case. The law as determined on the first appeal is the law of the case on the second appeal of the same case. But it is only questions that are decided which become the law of the case."

It follows that issues which were not involved in the first trial could not have been determined by this court on appeal. The sufficiency of the evidence to establish contributory negligence or assumption of risk as a matter of law could hardly have been involved in our decision in the former appeal inasmuch as those issues were not involved in the trial, were not submitted to the jury, and were not involved in the motions that came before the trial court. They are therefore reviewable at this time, and the question of whether the evidence establishes contributory negligence or assumption of risk as a matter of law is now squarely before us.

■ It is admitted by plaintiff that he had used ladders in construction work thousands of times and was thoroughly familiar with their use. He also admits that he could have obtained a longer ladder if he had chosen to do so. His only excuse for failure to use a longer ladder is that it would have been necessary to obtain it some distance away. It is obvious that the ladder either tipped sideways or slipped on the wet floor because it was too short to reach the point where plaintiff was required to go unless it was placed at a dangerously straight angle. While we have held that the simple-tool doctrine has no application to the furnishing of tools suitable for the use for which they are to be used,[3] the fact remains that the dangers inherent in the use of such a simple appliance, and particularly the dangers inherent in using a ladder so short that it must be placed at a precarious angle on a wet floor, are observable by everyone.

Plaintiff's case is now predicated upon a failure on the part of defendant to furnish a ladder safe for the purpose for which it was intended. The trouble with plaintiff's position is that defendant did not specify which ladder was to be used. It made available a number of ladders, some of which were safe for the use intended by plaintiff

[3]Cayse v. Foley Brothers, Inc. 255 Minn. 176, 182, 96 N. W. (2d) 238, 242.

and some of which were not. Plaintiff was solely responsible for the selection of the one used. He voluntarily selected an unsafe ladder when safe ones were available and he must be held responsible for the consequences of his own act.

While this court has been reluctant to find a plaintiff guilty of contributory negligence or assumption of risk as a matter of law, there is no escape in this case from the conclusion that plaintiff's injuries are the result of his own conduct in choosing and using a ladder too short for the purpose for which it was to be used when other ladders were available.

In Scharenbroich v. St. Cloud Fiber-Ware Co. 59 Minn. 116, 121, 60 N. W. 1093, 1094, we said:

"* * * In this case it is undisputed that the plaintiff knew the exact nature of the situation. He knew that the floor was wet; that this made the floor slippery; that there was nothing, except the smooth floor, against which to brace his feet when turning the lever; that if his foot slipped there was nothing to prevent it from coming in contact with, and being caught by, the revolving pinion; and that if it did it would be injured. It required no special skill to understand these things, as they were patent to the sense, upon the most ordinary observation. Indeed, he admits that he was aware of all this. His only excuse is that he did not think of his foot slipping. But in view of the situation—the floor being wet, and he in the act of applying special force to turn the lever—he must or ought, in the exercise of ordinary intelligence, to have understood that there was increased liability of his foot slipping, as this was a matter of ordinary experience, and in accordance with the most simple and familiar laws of nature."[4]

The same is true here. The dangers inherent in the use of this ladder in the manner in which it was used were at least as apparent to plaintiff as to defendant. If it was negligent on the part of defendant to provide the ladder, it was even more negligent on the part of plaintiff to select it and to use it when others safe for the purpose were available.

---

[4]See, also, Syverson v. Nelson, 245 Minn. 63, 70 N. W. (2d) 880.

▆▆▆▆▆▆

We are convinced that plaintiff's injuries are due entirely to his own negligence in the selection and use of a simple tool which was unfit for the purpose for which it was selected and used and that in view thereof defendant was entitled to judgment notwithstanding the verdict.

Reversed.