**Daniel F. OTTEN, Appellee,**

v.

**The STONEWALL INSURANCE COMPANY, Appellant.**

**No. 76–1085.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1976.

Decided July 13, 1976.

O. C. Adamson, Minneapolis, Minn., for appellant; R. D. Blanchard and John Hally Riley, Minneapolis, Minn., on brief.

Walter W. Laidlaw, Minneapolis, Minn., for appellee; Vincent E. Johnson, Minneapolis, Minn., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, HENLEY, Circuit Judge, and DEVITT, Chief District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is the second appeal brought by defendant Stonewall Insurance Company following a verdict and judgment in favor of plaintiff Daniel F. Otten. The first appeal is reported as *Otten v. Stonewall Insurance Co.,* 511 F.2d 143 (8th Cir. 1975).

Plaintiff brought this action in the United States District Court for the District of Minnesota to recover $25,000 under a supplemental pilots disability insurance policy issued December 1, 1969.[1] Throughout two trials, and, now, two appeals the controversy between the parties has focused upon a provision of the insurance policy that the policy "will not cover any disability which may result from any sickness, disease or injury which [plaintiff] may have contracted or suffered before the effective date of the policy." It is undisputed that the effective date of the policy was December 1, 1969.

The sole contention raised on this appeal is that the district court erred in failing to grant defendant's motion for judgment notwithstanding the verdict in that the evidence adduced at trial established as a matter of law that the disabling disease, osteoarthritis, had its onset prior to December 1, 1969. We agree with the district court

* EDWARD J. DEVITT, Chief District Judge, District of Minnesota, sitting by designation.

1. Jurisdiction rests on diversity of citizenship and the required jurisdictional sum.

that this contention falters on the threshold determination that the prior appeal established as law of the case that the plaintiff was entitled to submit the date-of-onset issue to the jury. We accordingly affirm.

A brief review of the procedural history of the case is necessary. At the first trial, a verdict was returned for plaintiff. Defendant filed post-trial motions for a new trial and for judgment notwithstanding the verdict. The motions were denied and judgment was entered on the verdict. Defendant appealed.

On appeal, defendant argued both that certain instructions were erroneous and, alternatively, that the evidence adduced at trial was insufficient to support the verdict on the date-of-onset issue.[2] Another panel of this court, *Otten v. Stonewall Insurance Co., supra,* agreed with defendant that the instructions were erroneous, reversed the judgment of the district court on that ground, and remanded the case for a new trial. Footnote 3, *id.* at 148, addressed defendant's alternative contention. That footnote reads in full:

> Appellant Stonewall asks that, instead of remanding for a new trial, this Court grant judgment n. o. v., as it is empowered to do under Fed.R.Civ.P. 50(d). *Neely v. Martin K. Eby Construction Co.,* 386 U.S. 317, 324, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967). However, we decline this invitation in the instant case. While the evidence adduced at the trial indicates very strongly that the disabling osteoarthritis had its onset prior to December 1, 1969, *we are not prepared to rule as a matter of law that a jury could not reasonably conclude otherwise.* In this situation it is proper to remand for a new trial. *See Ziman v. Employers Fire In-*

surance Co., 493 F.2d 196, 200 (2d Cir. 1974); *Carpenters Local 978 v. Markwell,* 305 F.2d 38, 48 (8th Cir. 1962). (Emphasis supplied).

The case accordingly proceeded to a second trial.

At the second trial, a verdict was again returned for plaintiff.[3] Defendant again filed post-trial motions for a new trial and for judgment notwithstanding the verdict. The motions were again denied and judgment was again entered on the verdict. Defendant appeals. At oral argument, defendant conceded that the evidence adduced at the second trial was substantially the same as that adduced at the first trial.

■ Law of the case principles have been stated with clarity and consistency in this court over a long period of time.

> This court has repeatedly held that the decision on former appeal is the "law of the case" on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice. * * * While this rule of practice is not a limit of power, it is nevertheless a salutary one, and should be departed from only after careful consideration on situations arising in specific cases.

*Pyramid Life Ins. Co. v. Curry,* 291 F.2d 411, 414 (8th Cir. 1961), *quoting Chicago, St. P., M. & O. Ry. v. Kulp,* 102 F.2d 352, 354 (8th Cir. 1939). *See also Nucor Corp. v. Tennessee Forging Steel Service, Inc.,* 513 F.2d 151, 153 (8th Cir. 1975); *Emery v.*

---

**2.** We have reviewed defendant's brief in the prior appeal. It was therein urged:

> The Court should hold as a matter of law that there is no issue as to any material fact about the onset of plaintiff's ankle condition; that the condition existed before the supplemental plan took effect, and, therefore, is not covered.

The brief concluded:
> Defendant respectfully requests the Court to set aside the judgment in favor of plaintiff

and to order entry of judgment of dismissal in favor of defendant.

**3.** The jury returned a special verdict as follows:

> Q. Did the disability which permanently prevented Daniel F. Otten from carrying on his occupation result from a sickness, disease, or injury which he contracted or suffered prior to December 1, 1969?
> A. No.

*Northern Pac. R.R.,* 407 F.2d 109, 111–12 (8th Cir. 1969); *New York Life Ins. Co. v. Golightly,* 94 F.2d 316, 317 (8th Cir. 1938).

Defendant does not challenge the continuing validity of the principles just quoted. Rather, it contests the seemingly clear import of footnote 3. In defendant's view, footnote 3 represents "an exercise of judicial restraint by an appellate court predicated upon the possibility that, because a new trial was necessitated, the plaintiff might be able to adduce testimony presenting a jury question." Thus, defendant argues, footnote 3 did not rule upon the sufficiency of the evidence at the first trial, and it does not, accordingly, foreclose inquiry into the sufficiency of the evidence at the second trial. The argument is not well-taken. Regardless of whether or to what extent defendant's "judicial restraint" theory finds support as an abstract matter in Rule 50(d), Fed.R.Civ.P., *cf. Neely v. Eby Construction Co.,* 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967), it cannot assist defendant here. The language we have emphasized in footnote 3, hereinabove set out, is clear in explaining that judgment notwithstanding the verdict was denied because the evidence was sufficient to submit the case to the jury and not for any other reason.[4]

In addition to the clear language of footnote 3, we believe that the normal, orderly and efficient administration of justice requires that issues properly raised which dispose of the litigation, such as the issue here raised concerning the denial of defendant's timely motion for judgment notwithstanding the verdict, should have priority over issues which if sustained would require a new trial.

A determination of the issue that the evidence was insufficient to support the verdict in favor of defendant would result in a complete disposition of the appeal and the litigation. Any error in the instructions would have no bearing on the determination of that issue.

We do not believe this court on the prior appeal would have reached the instructions issue if it had not determined the evidence sufficient to support the verdict. If the evidence was insufficient to support the verdict, it would be a waste of valuable judicial time to consider the instructions issue. Additionally, a needless burden of holding a new trial would be imposed upon the trial court. It is not the purpose of Rule 50, Fed.R.Civ.P., to precipitate unnecessary retrials. *Neely v. Eby Const. Co., supra* at 326.

The fact that this court on the prior appeal reversed on the erroneous instructions issue affords support to our conclusion that the court did in fact by footnote 3 determine the evidence offered was sufficient to support the verdict.

We are unable to conclude that the determination made in footnote 3 is clearly erroneous or that it works manifest injustice. Since defendant concedes that the evidence adduced at the second trial was substantially the same as that adduced at the first trial, it is law of the case that plaintiff was entitled to submit the date-of-onset issue to the jury.

Affirmed.

---

4. Defendant relies upon *Marshall v. Chicago, R. I. & P. Ry.,* 127 Minn. 244, 149 N.W. 296 (1914) (first appeal), and 131 Minn. 392, 155 N.W. 208 (1915) (second appeal), and *Cayse v. Foley Bros., Inc.,* 255 Minn. 176, 96 N.W.2d 238 (1959) (first appeal) and 260 Minn. 248, 110 N.W.2d 201 (1961) (second appeal). In each of these cases, the language used in the first appeal was different from that used in footnote 3. Again, we cannot read the language in footnote 3 in any manner other than as ruling that plaintiff was entitled to submit the date-of-onset issue to the jury.