448

UNITED STATES of America,
Plaintiff-Appellee,

Bay Mills Indian Community,
Plaintiff-Intervenor-Appellee,

Sault Ste. Marie Tribe of Chippewa Indians, Plaintiff-Intervenor-Appellee,

v.

STATE OF MICHIGAN, Michigan Natural Resources Commission and its agents, Dr. Howard A. Tanner, Director of the Department of Natural Resources; Dr. Henry Vondett, Chief, Fisheries Division, Department of Natural Resources; and George Dahl, Chief, Law Enforcement Division, Department of Natural Resources, (No. 79–1414), Defendants-Appellants.

UNITED STATES of America,
Plaintiff-Appellee,

Bay Mills Indian Community, Sault Ste. Marie Tribe of Chippewa Indians, Plaintiffs-Intervenors-Appellees,

v.

STATE OF MICHIGAN, Michigan Natural Resources Commission and its agents Dr. Howard A. Tanner, John A. Scott and Frank P. Opolka, Defendants,

Thirteenth Judicial Circuit Court of the State of Michigan, Intervenor-Appellant,

Grand Traverse Area Sport Fishing Association, (Nos. 79–1527 & 79–1528), Intervenor-Appellant.

Nos. 79–1414, 79–1527 and 79–1528.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1980.

Decided May 28, 1980.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Lansing, Mich., for defendants-appellants in No. 79–1414.

Bruce R. Greene, Native American Rights Fund, Boulder, Colo., William James, U. P. Legal Services, Sault Ste. Marie, Mich., for Bay Mills.

Daniel T. Green, Sault Ste. Marie, Mich., for Chippewa.

Theodore W. Swift, William K. Fahey, Stephen O. Schultz, Foster, Swift, Collins &

Coey, Lansing, Mich., for intervenor-appellant in No. 79–1527.

James A. Brady, U. S. Atty., Grand Rapids, Mich., James W. Moorman, Robert L. Klarquist, Edward J. Shawaker, Atty., Dept. of Justice, Land and Natural Resources Div., Washington, D. C., for United States.

Richard B. Baxter, Hillman, Baxter & Hammond, Grand Rapids, Mich., for intervenor-appellant in No. 79–1528.

Before MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

On May 7, 1979, District Judge Noel Fox issued an opinion and a declaratory judgment, *United States v. Michigan*, 471 F.Supp. 192 (W.D.Mich.1979), in an action brought by the United States and two Indian tribes in Michigan, the Chippewa and the Ottawa tribes (represented by the Bay Mills Indian Community and the Sault Ste. Marie Tribe of Chippewa Indians) against the State of Michigan and certain state officials. That case is now pending before us as appeal No. 79–1414. The District Court held that under treaties entered into between the United States and the Chippewa and Ottawa tribes in 1836 and 1855, 7 Stat. 491 (1836), 11 Stat. 621 (1856), these tribes have unique, exclusive, off-reservation rights to engage in gill net fishing in waters of Lake Michigan, despite Michigan laws to the contrary. The District Court held that these treaties grant the Indians an absolute right to engage in gill net fishing in these waters free from any regulation by the State of Michigan or any limitations of time, place or manner generally applicable to other citizens, even if such gill net fishing completely destroys fisheries, fish supplies and spawning grounds in Lake Michigan.

Having found in case No. 79–1414 that the state has no power to limit Indian fishing rights in any way, District Judge Fox in two other cases designated here as appeals Nos. 79–1527 and 79–1528, (consolidated for argument before us with case No. 79–1414) enjoined certain Michigan officials from interfering with Indian gill net fishing and enjoined certain Michigan state judges from proceeding any further in a state court action to determine the right of Indians to engage in gill net fishing in Grand Traverse Bay and from issuing a temporary restraining order against such pending disposition of the state action.

On September 26, 1979, Judge Albert Engel of this Court stayed Judge Fox's order against the state judges until October 25, 1979, pending consideration of the stay by a full panel of this Court under Rule 8 of the Federal Rules of Appellate Procedure. For the reasons stated by Judge Engel in his order of September 26, 1979, we continued in effect the stay of District Judge Fox's order pending disposition of the appeals in these cases. We found on the basis of the record before us that unless the order is stayed there is a strong possibility that the fishery, the fish supply and spawning grounds in Grand Traverse Bay will be irreparably damaged or destroyed by continued intensive gill net fishing. We further concluded, tentatively, in assessing the likelihood of appellant's success on the merits, that the reasoning of the Supreme Court of Michigan in *People v. LeBlanc*, 399 Mich. 31, 248 N.W.2d 199 (1976) appears to correctly state the law applicable to gill net treaty fishing by Indians in the Great Lakes. That case held that the State may regulate gill net fishing if necessary to preserve fish from extinction or prevent irreparable damage to fish supplies or destruction of fisheries.

Since the decisions of the District Court in these cases and after this Court stayed the injunctive orders of the District Court, the Secretary of the Interior issued comprehensive regulations governing Indian fishing in the Great Lakes, including gill net fishing, under treaties entered into between the United States and Indian tribes. The regulations are comprehensive. 25 C.F.R. Part 256 (subpart 1), 44 Fed.Reg. 65747. They ban or restrict treaty fishing in certain areas, regulate net mesh size, prohibit

**450**

harvest of threatened or endangered species and designated sport species, prohibit fishing during the spawning season, prohibit the setting of nets in certain locations at certain times of year, and provide for emergency regulatory adjustments in the regulations.

Both the Indian tribes and the government argue that, even assuming that state law would otherwise govern Indian fishing rights, these new regulations occupy the field with respect to treaty fishing and make general state fishing laws no longer applicable. The District Court has not addressed or decided this preemption issue or the effect of the new federal regulations on the responsibility, authority and jurisdiction of state officials and state courts in the enforcement of the new federal regulations and state laws relating to the subject.

Article I, Section 8 of the Constitution provides that Congress shall have the power "to regulate Commerce . . . among the several States and with the Indian Tribes." Section 2 of Title 25, U.S.C. gives the Secretary of the Interior "the management of all Indian affairs and of all matters arising out of Indian relations" and Section 9 of Title 25 authorizes the President to "prescribe such regulations as he may think fit for carrying into effect the various provisions of any act relating to Indian affairs." The new regulations were issued under the authority of these statutes. Since Congress adopted in 1836 and 1855 acts in the form of the treaties with the Ottawa and Chippewa Indians, the government's preemption argument has a firm constitutional and statutory basis.

This Court cannot, however, intelligently consider and decide the preemption question and its effect on state jurisdiction (an extremely important issue that may make a decision unnecessary on the other issues presented in this appeal) in the absence of a decision by the District Court on three questions concerning the meaning and effect of the new federal regulations: (1) Were the new regulations intended to have, and do they have, the effect of preempting all state regulation of treaty fishing? (2) If so, do the new regulations prohibit enforcement by state officials? (3) If so, do the new regulations oust the state court of jurisdiction to control Indian fishing rights or does the state court retain concurrent jurisdiction with the federal court? The parties have not briefed the second and third questions. The answer to these questions may depend in part on the existence of viable tribal councils capable of enforcement. The taking of proof may be necessary.

For these reasons, we remand the case to the District Court for consideration of the preemptive effect of the new federal regulations. The District Court should consider this question on the assumption that the case of *People v. LeBlanc*, 399 Mich. 31, 248 N.W.2d 199 (1976) correctly states the applicable law in the absence of preemptive federal regulations. Although this Court has not finally decided the issue, it is presently inclined to the view, as it was when it issued the stay in these cases, that, in the absence of federal regulations occupying the field, the Supreme Court of Michigan in *People v. LeBlanc, supra,* has correctly stated the applicable standard governing state regulation of gill net fishing.

Accordingly, the case is remanded to the District Court for consideration of this question. This Court retains jurisdiction of the other questions presented by the case pursuant to 28 U.S.C. § 2106 and continues in effect the stay heretofore entered.