UNITED STATES of America et
al., Plaintiffs,

v.

STATE OF MICHIGAN, Defendant.

No. M26–73 C.A.

United States District Court,
W. D. Michigan, N. D.

July 9, 1980.

James S. Brady, U. S. Atty., J. Terrance
Dillon, Asst. U. S. Atty., Grand Rapids,
Mich., Elmer T. Nitzschke, Jr., Dept. of
Interior, St. Paul, Minn., Bruce R. Greene,
Boulder, Colo., for Native American Rights
Fund Bay Mills Indian Community.

William J. James, Daniel T. Green, Sault
Ste. Marie, Mich., for Bay Mills Indian
Community.

Stewart H. Freeman, Asst. Atty. Gen.,
Lansing, Mich., Peter W. Steketee, Grand
Rapids, Mich., for Michigan United Conser-
vation Clubs.

Foster, Swift, Collins & Coey, Theodore
W. Swift, Lansing, Mich., of counsel, for
GTASFA.

FOX, Senior District Judge.

See also D.C., 508 F.Supp. 480.

### ORDER

This case, involving federal treaties and
the rights which they extend to certain
Indian bands to fish in the waters of the
Great Lakes, has been remanded from the
court of appeals for the limited purpose of
answering three questions on the preemp-
tive effect of the Secretary of Interior's
new treaty fishing regulations. *United
States v. Michigan*, 623 F.2d 448 (6th Cir.,
1980). This will require that further pro-
ceedings be held, and the Grand Traverse
Area Sport Fishing Association (GTASFA)
and the Michigan United Conservation
Clubs (MUCC) have, respectively, petitioned
for the right to participate as a party, and
to intervene, in these proceedings.

This is not MUCC's first petition to inter-
vene in this case. In November 1975,
MUCC sought to intervene as a defendant,
and by an opinion and order dated July 30,

1976, this court denied the motion, but allowed it to file an amicus brief. The Sixth Circuit Court of Appeals affirmed this order.

The Grand Traverse Area Sport Fishing Association's involvement in this case began after this court determined that certain Indian tribes enjoyed treaty-protected rights to fish free of state regulation in certain waters of the Great Lakes. *United States v. Michigan,* 471 F.Supp. 192 (W.D.Mich. 1979). GTASFA initiated a "hostile flanking movement" in state court, *see, United States v. Washington,* 459 F.Supp. 1020, 1029, n.3 (W.D.Wash.1978), which sought to enjoin these constitutionally protected Indian fishing rights. This court enjoined the state court's proceedings, ruling that this injunction was permitted under the Anti-Injunction Act, 28 U.S.C. § 2283. Among the reasons given was the fact that this Act permits a court to enjoin state court proceedings when it would be necessary in aid of its jurisdiction. This exception has been used in numerous cases where a federal court has determined the constitutionally protected rights of a disadvantaged minority under federal law and retained jurisdiction to implement its order, only to then be faced with a challenge to its jurisdiction from a "hostile majority" who file suit in state court in an effort to frustrate the minority's declared constitutional rights. *See, United States v. Washington, supra.* Such a ruling from a state court is not only an attack on the federal court's jurisdiction, but is also a very serious violation of the Supremacy Clause of the United States Constitution, Art. VI, which reads:

This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and *all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding.* (Emphasis supplied.)

GTASFA and the state circuit court judge both filed appeals with the Sixth Circuit (appeal Nos. 79–1527 and 79–1528). At this time, the State of Michigan already had an appeal pending from this court's decision regarding the federal treaties (appeal No. 79–1414); GTASFA's appeal was consolidated with this appeal solely for purposes of oral argument. After listening to the oral arguments of all parties, the court of appeals remanded for a ruling on three questions concerning new Indian fishing regulations promulgated by the Secretary of the Interior:

(1) Were the new regulations intended to have, and do they have, the effect of preempting all state regulations of treaty fishing?

(2) If so, do the new regulations prohibit enforcement by state officials?

(3) If so, do the new regulations oust the state court of jurisdiction to control Indian fishing rights or does the state court retain concurrent jurisdiction with the federal court?

After examining all the pleadings concerning MUCC's intervention and GTASFA's right to proceed as a party, I am of the opinion that the plaintiffs' brief fully sets forth the reasons why MUCC's and GTASFA's petitions must be denied; however, both will be permitted to proceed before this court in the capacity of an *amicus curiae.* I therefore adopt as the opinion of this court the pleading entitled "Memorandum of Points and Authorities in Opposition to GTASFA's Claim of Right to Participate in the Remanded Proceedings and MUCC's Renewed Petition to Intervene." (See attached Exhibit A.)

IT IS HEREBY ORDERED:

I.

(1) The court of appeals' opinion does not expressly state that GTASFA has a right to participate as a party in the proceedings on remand. This silence will not be construed to mean that the court of appeals intended it to have the right of a party.

(2) Any right which GTASFA has to proceed as a party must be based on implicit authorization by the court of appeals. The fact that the court of appeals' decision is

encaptioned with the name and number of GTASFA's appeal, as well as with the name and number of the appeal filed by the state in the case-in-chief and the appeal filed by the state circuit court judge does not provide such a right. These cases were consolidated only for purposes of oral argument. This was most likely done in the interest of judicial economy so the court of appeals could hear arguments at one time on all the intertwining problems presented by these three cases. In the absence of express language to the contrary, this court will treat this as an act of administrative convenience and will not rule that the court of appeals implicitly decided that GTASFA was to be permitted to proceed as a party.

(3) The fact that GTASFA was permitted to file a supplemental brief in the court of appeals which addressed the preemptive effect of the new fishing regulations does not give GTASFA the right to proceed as a party in this federal district court. The preemption issue arose during oral arguments in the case-in-chief (appeal no. 79–1414), and GTASFA asked the court of appeals if it might file a brief in response to the arguments raised in that appeal, even though it was not a party to the case. The court of appeals granted this request by permitting GTASFA to file a brief; but since this brief related to issues raised during the case-in-chief, GTASFA could only be characterized as having acted as an *amicus curiae* and not as a party. GTASFA should have no greater role in the proceedings on remand to address the preemption issue than it had to address this issue in the court of appeals. This is essentially an issue from the case-in-chief, and any interest which GTASFA has will be more than adequately represented by the State. In fact, common sense would dictate that its presence as a party is not necessary since the issue of whether the state law and state court jurisdiction are preempted is one which directly affects the State more than it does the GTASFA. The State will certainly argue these issues in as vigorous as a manner as the GTASFA would, but to insure that the GTASFA will have a chance to be heard this court will offer it the

opportunity to present its views through the role of *amicus curiae.*

(4) This court also rejects GTASFA's argument that the third question posed by the court of appeals is identical to one which it posed to the court of appeals, and therefore it is entitled to proceed as a party during the proceedings on remand. The question posed by the court of appeals is different from the one formulated by GTASFA. The court's third question asks if the state court has jurisdiction to enforce the Secretary of Interior's regulations, not whether the state court has jurisdiction to hear a suit under the state environmental protection act. GTASFA is in error if it believes that this third question is directed at its appeal in docket number 79–1527.

## II.

(1) MUCC renews its petition to intervene claiming that the proceedings before this court are in Phase II, and the State's representation of MUCC's interest will necessarily be inadequate.

(2) Phase II was intended to address the question of permissible state regulation in the event this court ruled that the state possessed limited authority to regulate treaty right fishers. Thus, if Phase II proceeding is initiated, it will concern those state regulations properly applicable to treaty right fishers, assuming the court of appeals determines the State possesses jurisdiction to regulate under a *Puyallup* or similar type standard. But the court of appeals has not so ruled, and contrary to MUCC's assertion, this case is not in Phase II.

(3) The court of appeals' remand is directed squarely at the third issue of Phase I. The third issue, as stated by this court, is:

(c) Assuming those reserved fishing rights were not abrogated [by the 1855 treaty] does the State possess any jurisdiction to regulate the exercise of those rights by treaty tribe members?

*United States v. Michigan,* 471 F.Supp. 192, 218 (W.D.Mich.1979). This issue has not been answered by the court of appeals.

The *per curiam* remand asks this court to consider how the doctrine of preemption affects this issue. It is apparent that until this issue is finally resolved by the court of appeals, Phase II cannot begin.

(4) MUCC's right to participate in Phase I as an intervenor has already been decided by this court on more than one occasion, and the findings have been reviewed by the court of appeals, as well. As such, this court's decision is the law of the case and will not be disturbed. The decision of a higher court on an issue must be followed in all subsequent proceedings in the case unless new and substantially different evidence or supervening law would justify reconsideration of the issue. *Insurance Group Committee v. Denver & Rio Grande Western Railroad Co.*, 329 U.S. 607, 67 S.Ct. 583, 91 L.Ed. 547 (1947); *Otten v. Stonewall Insurance Co.*, 538 F.2d 210, 212 (8th Cir. 1976); and *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967).

(5) Throughout these proceedings MUCC and its members are represented adequately by the State. As the Supreme Court in *Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n* noted:

But in any case, these individuals and groups are citizens of the State of Washington, which was a party to the relevant proceedings, and "they, in their common public rights as citizens of the State, were represented by the State in those proceedings, and, like it, were bound by the judgment." *City of Tacoma v. Taxpayers*, 357 U.S. 320, 340–1, 78 S.Ct. 1209, 1221, 2 L.Ed.2d 1345. Moreover, a court clearly may order them to obey that judgment. See *Golden State Bottling [v. N.L.R.B.]*, supra, 414 U.S., at 179–180, 94 S.Ct. 414, at 422–423, 38 L.Ed.2d 388.

443 U.S. 658, 692, 99 S.Ct. 3055, 3078, 61 L.Ed.2d 823, 850, fn. 32 (1979). However, MUCC is granted *amicus curiae* status, and may participate in that capacity if it so chooses.

## APPENDIX

### EXHIBIT A

UNITED STATES OF AMERICA
IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. M26–73 C.A. |
| v. | ) ) ) | |
| STATE OF MICHIGAN, et al., | ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GTASFA'S CLAIM OF RIGHT TO PARTICIPATE IN THE REMANDED PROCEEDINGS AND MUCC'S RENEWED PETITION TO INTERVENE

Plaintiff United States of America, and plaintiffs-intervenors Bay Mills Indian Community, the Sault Ste. Marie Tribe of Chippewa Indians and the Grand Traverse Band of Ottawa and Chippewa Indians (hereafter "the tribes") submit this memorandum in opposition to the claim of the Grand Traverse Area Sport Fishing Association (hereafter "GTASFA") that it may participate before this Court in certain remanded proceedings as a matter of right. Further, this brief is submitted in opposition to Michigan United Conservation Clubs' (hereinafter "MUCC") renewed petition to intervene.

### I

### GTASFA IS NOT A PARTY TO THE REMANDED PROCEEDINGS

GTASFA submitted a memorandum brief in support of its position that the court of appeals intended it to participate in the remanded proceedings before this Court. GTASFA concedes that its position is not supported by any explicit language in the court of appeals *per curiam* decision. Rather, argues GTASFA, there are "indications" in the court of appeals decision that GTASFA should be a party to the remanded proceedings.

A careful look at the arguments of GTASFA contained in its memorandum and its role before the court of appeals reveals their "bootstrap" nature.

As this Court is aware, GTASFA's involvement in these proceedings began in the Fall of 1979. Just prior thereto, GTASFA filed suit in state court against seven gill net fishermen and the class they represent who were fishing in Grand Traverse Bay (state statistical district MM–4), allegedly in violation of a state law.[1] GTASFA obtained an *ex parte* temporary restraining order prohibiting gill net fishing in MM–4 despite the fact such fishing was engaged in pursuant to a federal treaty.

The United States and the intervenor Indian tribes sought and obtained from this Court a temporary restraining order followed by a permanent injunction directed against the Thirteenth Judicial Circuit requiring that court to refrain from further proceedings in the *Maudrie* case on the grounds that the state case conflicted with this Court's jurisdiction.

By motion dated September 13, 1979, GTASFA filed before this Court an "Application to Intervene Specially" in which it stated:

The object of this Application is to effect the intervention . . . of GTASFA as a party defendant for the special purpose only of opposing a preliminary injunction requested by Plaintiffs . . . . GTASFA seeks intervention in this cause for that limited purpose only, and does not seek status as a general intervenor.

On September 17, 1979, a hearing was held before this Court on plaintiffs' motion for permanent injunction. GTASFA appeared and asked to be permitted to intervene specially for the purposes of effecting an appeal only. On that same date, this Court issued its opinion granting a permanent injunction restraining the state court from proceeding further in *GTASFA v. Maudrie, supra*. In that opinion this Court stated:

[GTASFA's] right to bring a cause of action under state law seeking regulation of Indian fishing is derived from the state and involves state action. Any interest they have in so regulating Indian treaty fishing has been adequately represented by the state before this court. Accordingly, they have no interest in the present matter which permits them to intervene as of right. However, *for purposes of appeal only*, their motion to intervene is granted so that there might be no question about their ability to appeal.

Opinion, September 17, 1979 (emphasis added).

At the time GTASFA filed its notice of appeal challenging this Court's issuance of a permanent injunction, the state's appeal of the main case was already pending in the court of appeals (No. 79–1414). The court of appeals consolidated the state's appeal (No. 79–1414) with GTASFA's appeal (No. 79–1527) *for purposes of oral argument only*. Thus, because the appeals are related, the court of appeals determined (undoubtedly in the name of judicial economy) to hear argument on both cases at the same time. Contrary to GTASFA's contention, this ministerial act of convenience does not result in an implicit order from the court of appeals to this Court that GTASFA be accorded full party status in the district court.

Similarly GTASFA tries to elbow its way into the district court based upon the fact that the court of appeals permitted it to file a supplemental brief on the preemptive effect of the Secretary of the Interior's treaty fishing regulations. 45 Fed.Reg. 28100, April 28, 1980. During oral argument before the court of appeals on February 15, 1980, GTASFA's counsel could not resist straying from the subject of its appeal to the merits of the main case. When the panel ordered the state to file a supplemental brief on the issue of the preemptive effect of the Secretary's regulations, counsel for GTASFA all but requested the opportunity to file its own brief on the same

1. The case, entitled "*Grand Traverse Area Sports Fishing Ass'n v. Maudrie*, No. 79–7510," was filed in the Thirteenth Judicial Circuit of the State of Michigan.

subject, to which the panel acceded. In fact, GTASFA's supplemental filing was in the nature of an *amicus curiae* brief—no more and no less.

A most interesting letter dated March 7, 1980, from counsel for GTASFA to the Clerk of the Court of Appeals, (a copy of which is attached) reveals the circumstances surrounding GTASFA's filing of its supplemental brief. Mr. Swift stated (emphasis added):

> You will note that we have affixed the docket numbers of all three cases to the enclosed Brief. *We do so with some hesitation.*
>
> Our original appeal from the September 6, 1980 Injunctive Order of Judge Fox was docketed as 79–1527; the appeal of the Circuit Judges was docketed as 79–1528. *The two cases were later consolidated by your Court, at least for purposes of argument and briefing.*
>
> At oral argument on February 15, 1980, the Court bifurcated the argument on the main case (No. 79–1414) and the consolidated cases (Nos. 79–1527 and 79–1528). *The question of the possible preemption created by newly enacted federal regulations was first surfaced, as I recall, in the main case. GTASFA was not a party in that case nor did we present argument.*
>
> *During the oral argument on cases 79–1527 and 79–1528, I asked permission of the Court to respond to the regulatory preemptive argument raised by counsel for the tribes in the main case.* Permission was granted. Following my argument, I was invited, by the Court, to brief the question.
>
> *To cover myself, I thus placed all docket numbers on the enclosed brief. I hope and trust that this explanation will satisfy you as to my motives even though it may fall far short of clarifying a most confusing situation.*

As can be seen from this candid letter, even counsel for GTASFA did not believe a few short months ago that these cases were consolidated for all purposes or that GTASFA had a *right* to participate in the court of appeals on all issues subsumed within the state's appeal (No. 79–1414), including the issue pertaining to federal preemption.

GTASFA also contends that the third question posed by the court of appeals is the same issue contained within its appeal of the district court's issuance of an injunction directed against the Thirteenth Judicial Circuit. However, plaintiffs maintain GTASFA has mischaracterized the court of appeals' third question. The three questions posed by the court of appeals are:

> (1) Were the new regulations intended to have, and do they have, the effect of preempting all state regulation of treaty fishing? (2) If so, do the new regulations prohibit enforcement by state officials? (3) If so, do the new regulations oust the state court of jurisdiction to control Indian fishing rights or does the state court retain concurrent jurisdiction with the federal court?

*United States v. Michigan*, 623 F.2d 448, 450 (6th Cir., 1980). GTASFA, in its brief before this Court, contends that third question is:

> Can the state court continue to hear a Michigan Environmental Protection Act suit designed to conserve a natural resource in the face of a preemption argument based on the federal regulations and the treaty?

GTASFA Memorandum Brief in Support of Participation on Remand, pp. 3–4. To the contrary, however, the third question raises the issue of where—state court, federal court, tribal court or all three—may the Secretary's regulations be enforced assuming the answer to the first question is affirmative. GTASFA is in error to the extent it believes the third question posed by the court of appeals is directed at its appeal in docket number 79–1527.

The fourth reason that GTASFA claims it has a right to participate on remand is perhaps the shallowest contention of all. In effect, GTASFA contends that since the court of appeals did not explicitly state it could *not* participate, by implication and inference it should be allowed to participate in the remanded proceedings. Clearly this argument cannot be taken seriously.

Plaintiffs submit that the court of appeals did not hold, either expressly or by implication, that GTASFA should participate as a matter of right in the remanded proceedings. And GTASFA should not be allowed to circumvent the normal procedures set forth under the Federal Rules of Civil Procedure regarding intervention. This Court has already ruled on a similar motion to intervene presented by MUCC and the denial of intervention was affirmed by the court of appeals. It seems patent to plaintiffs that GTASFA, aware of that prior petition to intervene and of the court of appeals affirmance, decided to rely upon the *per curium* decision to argue that this Court has no choice but to allow it to participate on remand. But GTASFA's contentions are not well founded.

Plaintiffs believe that GTASFA's desire to present its views to this Court could be easily accommodated through the role of an *amicus curiae*. Such requested status would not be opposed by plaintiffs. If the state decided for its own reasons that it wanted to expand the role of counsel for GTASFA during remand (as it did previously with regard to MUCC), it appears to plaintiffs the state would be free to do so, subject of course to this Court's permission.

## II

## MUCC's PETITION TO INTERVENE SHOULD BE DENIED

By motion and brief dated June 17, 1980, MUCC renewed its petition to intervene before this Court. The gist of MUCC's motion appears to be that the proceedings before this Court are now in Phase II, as that term was defined in the original proceedings. However, plaintiffs respectfully disagree.

Phase II was intended to address the question of permissible state regulation in

the event this Court had ruled that the state possessed limited authority to regulate treaty right fishers. Thus, if a Phase II proceeding is initiated, it will concern those state regulations properly applicable to treaty right fishers, assuming the court of appeals determines the state possesses jurisdiction to regulate under a *Puyallup* or similar type standard.[2] But, the court of appeals has *not* so ruled, and contrary to MUCC's assertion, this case is *not* in Phase II.

The court of appeals' remand is directed squarely at the third issue severed for separate trial before this Court. That third issue, as stated by this Court, is:

> c) Assuming those reserved fishing rights were not abrogated [by the 1855 treaty], does the State possess any jurisdiction to regulate the exercise of those rights by treaty tribe members?

*United States v. Michigan*, 471 F.Supp. 192, 218 (W.D.Mich.1979). Clearly, the court of appeals has not decided this issue. The *per curium* remand asks this Court to consider how the doctrine of federal preemption bears upon this issue. Not until this issue is finally decided by the court of appeals can Phase II begin.

MUCC's right to participate in Phase I as an intervenor has already been decided by this Court on more than one occasion and has been reviewed by the court of appeals, as well. As such, this Court's decision is the law of the case and should not be disturbed. The doctrine of the "law of the case" provides that the decision of a higher court on an issue must be followed in all subsequent proceedings in that case unless new and substantially different evidence or supervening law would justify reconsideration of the issue. *Insurance Group Committee v. Denver and Rio Grande Western Railroad Co.*, 329 U.S. 607, 67 S.Ct. 583, 91 L.Ed. 547 (1947); *Otten v. Stonewall Insurance Co.*,

---

**2.** *Puyallup Tribe v. Department of Game*, 391 U.S. 392, 88 S.Ct. 1725, 20 L.Ed.2d 689 (1968) (Puyallup I); *Puyallup Tribe v. Washington Game Department*, 414 U.S. 44, 94 S.Ct. 330, 38 L.Ed.2d 254 (1977) (Puyallup II); *Puyallup Tribe v. Washington Game Department*, 433 U.S. 165, 97 S.Ct. 2616, 55 L.Ed.2d 1667 (1977)

(Puyallup III); *Antoine v. Washington*, 420 U.S. 194, 95 S.Ct. 944, 43 L.Ed.2d 129 (1975); *Washington v. Washington State Commercial Passenger Fishing Vessel Association*, 443 U.S. 658, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979). *See also People v. LeBlanc*, 399 Mich. 31, 248 N.W.2d 199 (1976).

538 F.2d 210, 212 (8th Cir. 1976); and *White v. Murtha*, 377 F.2d 428, 431 (5th Cir. 1967). To the extent there is new law on this issue, it supports plaintiffs' position throughout these proceedings that MUCC and its members are represented adequately by the state.

> But in any case, these individuals and groups are citizens of the State of Washington, which was a party to the relevant proceedings, and "they, in their common public rights as citizens of the State, were represented by the State in those proceedings, and, like it, were bound by the judgment." *City of Tacoma v. Taxpayers*, 357 U.S. 320, 340–341, [78 S.Ct. 1209, 1221,] 2 L.Ed.2d 1345. Moreover, a court clearly may order them to obey that judgment. See *Golden State Bottling*, supra, [414 U.S.] at 179–180, [94 S.Ct. 414, at 422–423] 38 L.Ed.2d 388.

*Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 692, 99 S.Ct. 3055, 3078, 61 L.Ed.2d 823, 850, fn. 32 (1979). Thus, MUCC's petition to intervene should be denied.

Plaintiffs respectfully suggest that MUCC, like GTASFA, be given the opportunity to participate as a "friend of the court," if it so chooses.[3]

### III

### CONCLUSION

For the reasons set forth herein, the court of appeals has not directed this Court to include GTASFA as a full party to the remanded proceedings.

Contrary to MUCC's contention, this case is not in Phase II since Phase I is not yet final. MUCC's right to participate in Phase I has been decided previously by this Court, affirmed by the court of appeals and, therefore, is the law of the case.

**3.** Plaintiffs do not condone the conduct of MUCC's members who sought to influence improperly this Court by filing a massive petition. However, plaintiffs are mindful that clients often act independently of the advice of counsel. In its brief MUCC has now apologized formally

Nonetheless, plaintiffs would not object to GTASFA's and MUCC's participation as *amici curiae*.

Dated: 1 July 1980

Respectfully submitted,
J. TERRANCE DILLON
JAMES S. BRADY
U.S. Attorneys
Attorneys for the United States
BRUCE R. GREENE
Native American Rights Fund
WILLIAM J. JAMES, Director
Upper Peninsula Legal Services
Attorneys for Bay Mills Indian Community
DANIEL T. GREEN
Attorney for Sault Ste. Marie Tribe of Chippewa Indians

to this Court for any impropriety, without admitting any such impropriety took place. Under these circumstances, it might be appropriate to reapprove MUCC's status as an *amicus curiae*.