**SCHOOL DISTRICT OF KANSAS CITY, MISSOURI et al., Appellants,**

v.

**The STATE OF MISSOURI et al., Appellees.**

**No. 78–1904.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1979.

Decided Feb. 16, 1979.

---

James R. Borthwick, Taylor Fields, Kansas City, Mo., and Robert E. Manley, Cincinnati, Ohio, for appellants.

Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, Mo., for Missouri State defendants/appellees, State of Mo. et al.

Eloise E. Davies, Atty., Dept. of Justice, Washington, D. C., for federal appellees.

George E. Feldmiller and Joseph A. Sherman, Jackson & Sherman, P. C., Kansas City, Mo., for North Kansas City, Missouri School Dist., and Dr. R. B. Doolin, appellees.

Jack W. R. Headley, Kansas City, Mo., for appellees, Shawnee Mission Unified School District No. 512 and Arzell Ball, Superintendent.

James H. McLarney, Kansas City, Mo., for appellees, Park Hill School Dist. R–5 and Dr. H. Ray Shipley, Superintendent.

Erle W. Francis, Topeka, Kan., for appellees, Kansas City Bd. of Ed., its individual members and Merle R. Bolton, Com'r of Ed. of Kan.

Julius M. Oswald, Blue Springs, Mo., for appellees, Blue Springs Reorganized School Dist. R–4 and Dr. Gale T. Bartow, Superintendent.

Evin Douglas, Jr., Crouch, Crouch, Spangler & Douglas, Harrisonville, Mo., for appellees, Belton School Dist. and Dr. Arthur Davis, Superintendent thereof; Raymore-Peculiar School Dist. R–2 and Donald Shull, Superintendent.

Tom L. Green, Asst. Atty. Gen., Litigation Div., Topeka, Kan., for appellees, the State of Kan., and for Governor John Carlin.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is the second attempt in this cause to appeal pretrial rulings to this court. We denied by order filed November 2, 1978, a Fed.R.App.P. 5(a) petition for leave to appeal pursuant to the district court's 28 U.S.C. § 1292(b) certification. A petition for rehearing *en banc* was also denied, on November 30, 1978. Appellants now attempt to appeal pursuant to 28 U.S.C. § 1291 and Fed.R.App.P. 4(a). We grant appellees' motion to dismiss this appeal.

This is a school desegregation suit involving school districts located in both the Kansas and Missouri sides of the Kansas City Metropolitan Area. The original plaintiffs were the School District of Kansas City, Missouri, most of its Board of Education members, its School Superintendent, and five minor children who sued by their parents or next friends, all of whom are Kansas City, Missouri, Board of Education members. Defendants included the states of Kansas and Missouri, their respective Boards of Education, certain school districts in each state, and the Secretaries of the United States Departments of HUD, HEW and DOT.

On October 6, 1978, the district court[1], 460 F.Supp. 421, entered, *inter alia,* the following orders:

(1) denial of defendants' motions to dismiss the complaint;

(2) dismissal of the Kansas defendants for lack of personal jurisdiction;

(3) dismissal of the Kansas City, Missouri, School District (KCMSD), Board of Education and School Superintendent as plaintiffs and their realignment as defendants because KCMSD lacked standing to litigate the issues; and

(4) resolution of a conflict of interest created because the plaintiff students' parents and/or next friends, members of the Kansas City, Missouri, Board of Education, were made defendants by ruling number three above.

The opinion makes it clear that number four was to be achieved by separate legal representation for the students and by either replacing the present next friends or by their resignation from the school board.

Judge Clark certified four issues for an immediate appeal under 28 U.S.C. § 1292(b). These were: (1) denial of the motion to dismiss; (2) dismissal of the Kansas defendants; (3) denial of standing to KCMSD to litigate as party plaintiff, and (4) realignment of KCMSD as a defendant. Issues two, three and four were presented in appellants' petition for leave to appeal, denied by this court on November 2, 1978. Our unpublished order stated:

The applications for leave to take interlocutory appeals filed herein are denied. The court expresses no opinion as to the merits of the various claims of the parties inasmuch as the matter before us is not a final order.

A petition for rehearing *en banc* was denied on November 30, 1978, the same day on which the present notice of appeal was filed.

The present appeal, brought under 28 U.S.C. § 1291, challenges two of the rulings sought to be appealed in the prior Rule 5(a) petition: the dismissal of the Kansas defendants and the realignment of KCMSD as a defendant. The other two issues raised are closely related to the latter ruling. They are: (1) whether because of the conflict of interest created by that ruling, the plaintiff-students must obtain new counsel; and (2) whether their present next friends must either resign from the Kansas City, Missouri, Board of Education or be replaced in the litigation.

■ The prior denial of permission to appeal these interlocutory orders pursuant to the district court's section 1292(b) certification precludes a later appeal of the same rulings as final orders under section 1291. Our prior order reveals that the rulings presently being appealed were clearly considered interlocutory or non-final. The Supreme Court recently indicated that the primary vehicle for prompt review of non-final orders is 28 U.S.C. § 1292(b). *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). In its prior denial of leave to appeal pursuant to the section 1292(b) certification, in effect this court held that it did not find "exceptional circumstances [which] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* at 2461, *quoting from*

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

*Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972). Such a holding clearly precludes the present attempt to appeal the orders.

Not only does the prior order appear to preclude this appeal, but analysis independent of that order demonstrates the orders are indeed non-final and non-appealable, even under the collateral order doctrine:

■ (1) *Dismissal of Kansas Defendants :* Dismissal of fewer than all the defendants in a multiple party action can only be appealed as a final judgment pursuant to the district court's express Fed.R.Civ.P. 54(b) finding, C. Wright, A. Miller, E. Cooper, 15 Federal Practice and Procedure § 3914, at 542 (1976); *Gaines v. Sunray Oil Co.,* 539 F.2d 1136, 1140 (8th Cir. 1976), at least when it is not an interlocutory order made reviewable by 28 U.S.C. § 1292. No Rule 54(b) finding was made by the district court, and this court refused a section 1292 appeal. In addition, the district court stated it may prove necessary to rejoin the defendants under Fed.R.Civ.P. 19 as indispensable parties at a later time.

■ (2) *Realignment of KCMSD as a Defendant :* The alignment of the parties could be revised at any stage. The order is not collateral to the merits of the action, but was made to facilitate a showing of incremental effects of segregation and for structuring a complete remedy.

(3) *Student Plaintiffs' Independent Legal Representation; Substitution of New Next Friends or Resignation of Present Ones from School Board :* These are both so related to number (2) above that they cannot be reviewed without review of the reasoning behind order number two. Realignment of KCMSD was ordered by the district court because of the "severe" potential for conflict of interest between KCMSD and the plaintiff students. The conflict of interest is also the rationale for ordering representation by counsel other than KCMSD's counsel and removal of next friends who are Kansas City, Missouri, Board of Education members.

Appeal dismissed. We express no opinion as to the merits of the ultimate claims of the parties.