508 F.Supp. 101 (1980)
Craton LIDDELL et al., Plaintiffs,
v.
The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 72-100C(4).
United States District Court, E. D. Missouri, E. D.
December 19, 1980.
Anthony J. Sestric, Marion G. Eisen, St. Louis, Mo., Craig M. Crenshaw, Jr., Drew S. Days, III, Linda Carter, Civil Rights Division, Dept. of Justice, Washington, D. C., Thomas I. Atkins, Teresa Demchak, NAACP, New York City, William E. Caldwell, Richard B. Fields, Ratner & Sugarmon, Memphis, Tenn., Joseph B. Moore, Asst. U. S. Atty., Robert H. Dierker, Jr., Asst. City Counselor, St. Louis, Mo., Dr. Robert Wentz, Superintendent, St. Louis City Board of Education, St. Louis, Mo., M. Peter Fischer, Mary Stake Hawker, J. Peter Schmitz, St. Louis, Mo., Milton Lewis, Reg. Director, Tommie Jones, Community Relations Service U. S. Dept. of Justice, Kansas City, Mo., Edward Foote, Desegregation Monitoring and Advisory Committee, St. Louis, Mo., William L. Taylor, Center For National Policy Review, Catholic University Law School, Washington, D. C., Paul R. Dimond, O'Brien, Moran & Dimond, Ann Arbor, Mich., Charles H. Staples, Freeman, Whitfield, Montgomery & Walton, St. Louis, Mo., J. Kent Lowry, Hendren & Andrae, Jefferson City, Mo., Dr. Gary Orfield, Dept. of Political Science, Lincoln Hall, University of Illinois, Urbana, Ill., Joseph S. McDuffie, William P. Russell, St. Louis, Mo., John H. Lashly, Paul B. Rava, Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., Larry Marshall, Asst. Atty. Gen., Jefferson City, Mo., John Gianoulakis, Kohn, Shands, Elbert, Gianoulakis & Giljum, Richard H. Ulrich, Richard L. Lageson, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, Mo., George J. Bude, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., Donald J. Stohr, R. J. Robertson, Jr., Thompson & Mitchell, Norman C. Parker, Susman, Schermer, Rimmell & Parker, St. Louis, Mo.

*102 MEMORANDUM
MEREDITH, District Judge.
On October 6, 1980, the Special School District of St. Louis County (hereinafter Special District) filed its answer to the Caldwell plaintiffs-intervenors amended and supplemental complaint. Included in this pleading are counterclaims against Caldwell and the United States and a cross-claim against the St. Louis City Board of Education, all seeking injunctive relief. Included also are crossclaims against defendant Mallory, the State Board of Education, and the State of Missouri, all seeking declaratory judgments as to the Special District's rights and preliminary and permanent injunctions. For the reasons stated below, the Court on its own motion will dismiss all of these counterclaims and cross-claims with prejudice and strike the answer of the Special District granting leave to amend the answer within twenty days.

Counterclaims And Crossclaims
The Special District has tried various judicial tactics to challenge the Court's Order of May 21, 1980 (amended September 17, 1980). The Special District sought (1) a Writ of Prohibition from the Eighth Circuit Court of Appeals (denied August 15, 1980, rehearing denied September 10, 1980); (2) a declaratory judgment and injunction from the Circuit Court of Cole County, Missouri; and (3) a declaratory judgment and injunction from another division of this Court (No. 80-0876-C(5), dismissed September 23, 1980). In addition, the District filed a motion to disqualify The Honorable James H. Meredith and a motion to vacate portions of the record in this case.
All of the Special District's attempts to challenge the Court's May 21, 1980 Order revolve around the same basic contention. The Special District has argued (repeatedly) that the May 21, 1980 Order, specifically parts a, b, and c of paragraph 12, and paragraph 17,[1] violates the constitutional rights of the District by making findings and conclusions to the detriment of the District before the Special District became a party to this case and could be heard on these matters.
To gain some perspective of what has transpired, the Court directs attention to the Eighth Circuit Court of Appeals' original "suggestion" to this Court contained in Adams v. United States, 620 F.2d 1277, 1296 (8th Cir. 1980):
"The Board shall use other techniques to ensure students in all schools will receive equal educational opportunities.... These techniques may include the following:
* * * * * *
(3) Developing and implementing a comprehensive program of exchanging and transferring students with the suburban *103 school districts of St. Louis County. The Board shall seek the cooperation of such school districts, the State Board of Education and the United States in developing and implementing such a plan."
Responding to the Court of Appeals' suggestion, this Court entered its May 21, 1980 Order (as amended September 17, 1980). The parts most strongly objected to by the Special District are those that direct the State defendants, the United States, and the St. Louis City Board of Education to (a) use their best efforts to develop a voluntary plan of pupil exchanges with the appropriate St. Louis County school districts, (b) develop a plan for the consolidation or merger of the separate vocational programs of the Special District of St. Louis County and the school district of the City of St. Louis, and (c) develop a suggested plan of inter-district school desegregation.[2]
Following this Order, the Special District petitioned the Eighth Circuit Court of Appeals for a Writ of Prohibition "to prevent the District Court from enforcing those portions of its May 21, 1980 Order quoted above [¶ 12a, b, c, and ¶ 17]."[3] The Special District raised both due process and equal protection arguments before the Court of Appeals in its petition. In addition, the Special District expressed the following concern:
"If the Special District refuses to participate in any or all of these three plans, it has been made clear by all parties and the Court's expert that such refusal will be characterized at a later date as a constitutional violation with an inter-district segregative effect and would likely be urged as the basis for court-ordered participation in an inter-district remedy. The Special District is damned if it does and damned if it doesn't, and all without its day in Court. See Petition For Writ of Prohibition at 4 (filed July 1, 1980). In Re Special School District of St. Louis County, Missouri, No. 80-1564 (8th Cir. 1980).
In response to the petition, the Court of Appeals issued the following Order on August 15, 1980:
"The petition of the Special School District of St. Louis County, Missouri for a writ of prohibition is denied. In denying the writ we note our agreement with the following statement of the district court in Craton Liddell, et al. v. Board of Education of the City of St. Louis, Missouri, et al., No. 72-100-C(C) (Order of June 17, 1980):
`that any school district of St. Louis County that enters into a plan of voluntary cooperation with the School Board of the City of St. Louis will not in any way prejudice its legal rights to oppose or resist a suit or orders requiring compulsory cooperation.'
The district court has done nothing more at this point than to comply with the suggestion of this Court that the possibilities of the voluntary cooperation between the school district of the City of St. Louis and the Special School District of St. Louis County be explored."
The Special District then requested a rehearing reiterating its earlier arguments. The rehearing was denied by the Eighth Circuit on September 10, 1980.
Although losing the war before the Court of Appeals, the Special District has persisted in continuing the battle before this Court and others by utilizing numerous judicial tactics. What the District fails to recognize is that the issue has been decided by the Court of Appeals and is binding in all subsequent proceedings as the law of the case. Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co., 578 F.2d 727, 730 (8th Cir. 1978); Otten v. Stonewall Insurance Co., 538 F.2d 210, 212 (8th Cir. 1976). In Otten, the Court of Appeals stated:
"This court has repeatedly held that the decision on former appeal is the `law of the case' on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on *104 the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice." Otten v. Stonewall Insurance Co., supra at 212.
The Court has carefully examined the counterclaims and crossclaims filed by the Special District and finds that no new issues have been raised. The parties on the receiving end of the Special District's counterclaims and crossclaims have been attempting to follow the May 21, 1980 Order (as amended) of this Court. The provisions of that Order objected to by the Special District were originally suggested by the Court of Appeals in Adams v. United States, supra at 1296. The Court of Appeals has had the opportunity to review the Order in light of the Special District's constitutional challenges and has specifically approved the provisions complained of.
Accordingly, all counterclaims and cross-claims filed by the Special District will be dismissed. The Special District is now a party to this litigation and can be assured that before any action is taken that would affect it, it will have ample opportunity to be heard. At that time, the Special District will have an opportunity to introduce evidence, cross-examine witnesses, and present arguments in its behalf. Any decision rendered by the Court will be based on evidence adduced at that hearing and, of course, the District will be able to appeal any decision by the Court.

Answer
The Court will next address itself to the Answer of the Special District filed in response to the Caldwell plaintiffs-intervenors amended and supplemental complaint. The Answer contains 47 defenses and is a clear example of what Rule 8(e)(1) of the Federal Rules of Civil Procedure was trying to eradicate. Rule 8(e)(1) states:
"Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required."
Parties should strive to plead as directly as possible so as not to unduly burden both the Court and the party who must respond. 5 Wright and Miller, Federal Practice and Procedure, Section 1281 (1969). In cases where the pleading so grossly violates the spirit behind Rule 8(e)(1), it is proper for the Court to strike the entire pleading. See Koll v. Wayzata State Bank, 397 F.2d 124, 126-27 (8th Cir. 1968).
Accordingly, the Answer of the Special District will be stricken with leave to amend within twenty days.

MEMORANDUM

Requiring Submission of New Plan
On December 15, 1980, the State of Missouri submitted a plan pursuant to paragraph 12(a) of the Court's Order of May 21, 1980. The Court has examined the plan as well as the joint report filed by the United States and the Board of Education of the City of St. Louis.
This Court is well aware of the problems encountered by the Board of Education of the State of Missouri attempting to obtain the voluntary cooperation of the County school districts in a plan which would assist in the desegregation of the City schools. The Court is also aware that the State of Missouri has appealed the orders of this Court; arguments on these matters have been heard by the United States Court of Appeals for the Eighth Circuit. However, the fact remains that the Court of Appeals for the Eighth Circuit has found that the State of Missouri as a matter of law has a duty to eliminate segregation in the schools of this State. That Court also suggested to this Court that an effort be made to work out a voluntary plan of integration within the County school districts. See Adams v. United States, 620 F.2d 1277, 1296 (8th Cir. 1980).
It is the opinion of this Court that the plan submitted by the State of Missouri is insufficient for this Court to make a determination as to whether or not it is feasible to pursue further the voluntary avenues of integration with the County *105 schools. Various parties of this suit have indicated that it is their intention to add as parties to this suit a number of the districts in St. Louis County as well as the school districts in Jefferson and St. Charles Counties if a voluntary plan cannot be formulated. In one last effort to promote a voluntary plan, this Court will order the State of Missouri, and particularly the Board of Education for the State of Missouri and the Commissioner of Education for the State of Missouri, to submit another voluntary and cooperative plan on or before February 2, 1981. This plan shall contain the following:
1. The number of students that each district in the County can accommodate caused by the decrease in the number of students between the school years 1979-80 and the beginning of school year 1980-81.
2. Specific details for each district on the number of teachers, available space, and the desirability of its location for students from either the City of St. Louis or other districts within the County.
3. The present racial mixture of each school district in St. Louis County.
4. A plan providing for the interchange of students between the districts of the County in order to achieve more integration, and between the County and the City.
5. Specific recommendations for locations of magnet schools and the manner in which they may be implemented both on a part-time and a full-time basis for students within the County and from the City.
6. Specific financial estimates of costs and the means whereby the plan may be financed. The burden of financing will be borne primarily by the State of Missouri and shall discuss the possibilities of:
a. New legislation;
b. A fiscal incentive bill so that the districts participating will enhance their situation by participating;
c. Money to be taken from surplus of the State and given to the State Board of Education to pay the cost of transportation and additional expenses involved; and
d. Remuneration from the federal government on such plans.
7. Specifies as to the types and locations of magnet schools within the County. The plan should be specific on how the locations have been chosen. Locations shall be chosen in a fashion that would allow students from Jefferson County and St. Charles County to participate in the magnet schools if they desire.
The State of Missouri has a strong, effective Department of Education. It has a great deal of expertise and experience and should experience little difficulty in drawing and implementing a plan of voluntary and cooperative integration which is educationally sound and comprehensive. The Court will be looking forward to its comprehensive report to be filed on February 2, 1981. This report shall assume that each district in the County will participate in the voluntary and cooperative plan. The plan shall encompass every district in St. Louis County.
When the plan is filed on February 2, 1981, it shall also be sent to all parties of this litigation and to every district in St. Louis County as well as St. Charles and Jefferson Counties.
The Department of Education of the State of Missouri shall then contact each district in the County and report back to the Court on March 2, 1981. Included in its report shall be a list of those districts in St. Louis, Jefferson and St. Charles Counties that are willing to participate and the manner in which they are willing to participate. Included also shall be a breakdown for each district of the number of students the district is willing to receive and the number of students the district is willing to send to other districts, including the race and grade of those students participating. The Department of Education shall also report on those districts which refuse to participate in the plan.
NOTES
[1] The Order of May 21, 1980 reads:

12. The State defendants, the United States, and the St. Louis board of Education are ordered and directed as follows:
a) To make every feasible effort to work out with the appropriate school districts in the St. Louis County and develop, for 1980-81 implementation, a voluntary, cooperative plan of pupil exchanges which will assist in alleviating the school segregation in the City of St. Louis, and which also insures that inter-district pupil transfers will not impair the desegregation of the St. Louis school district ordered herein, and submit such plan to the Court for approval by July 1, 1980.
b) To develop and submit to the Court by November 1, 1980, a plan for the consolidation or merger and full desegregation of the separate vocational educational programs operated by the Special District of St. Louis County and the school district of the City of St. Louis, for implementation in the 1981-82 school year.
c) To develop and submit to the Court by November 1, 1980, a suggested plan of inter-district school desegregation necessary to eradicate the remaining vestiges of government-imposed school segregation in the City of St. Louis and St. Louis County.
* * * * * *
17. Dr. Gary Orfield, who has assisted so well this Court in connection with the Desegregation Plan, shall continue to assist this Court as its expert with regard to the implementation phase and further will provide assistance to the Monitoring Committee and to the parties particularly in connection with the plan of inter-district cooperation and the development of a vocational program for city and county combined. The expenses and fees for these services shall be paid one-half by the State and one-half by the Board.
[2] Id.
[3] Petition For Writ Of Prohibition filed July 1, 1980.