**Rick STROUSE, Floyd Dean and Kenneth Moates, Plaintiffs–Appellants,**

v.

**J. KINSON COOK, INC., Defendant–Appellee.**

No. 79–2829.

United States Court of Appeals, Fifth Circuit.

Unit B

Jan. 20, 1981.

Kent Spriggs, Joseph F. Henderson, Tallahassee, Fla., for plaintiffs–appellants.

Elaine N. Duggar, Tallahassee, Fla., for defendant–appellee.

Before JONES, FAY and HENDERSON, Circuit Judges.

PER CURIAM:

Rick Strouse, Floyd Dean and Kenneth Moates appeal the denial of attorney's fees to which they claim they are entitled pursu-

ant to the consent agreement of a wage dispute.[1]

The appellants are construction workers who allege that they were paid a wage less than the amount designated in the construction contract and less than the minimum wage rate. They filed suit against their former employer, J. Kinson Cook, Inc., in the Northern District of Florida for recovery of unpaid wages under the provisions of the Davis–Bacon Act, 40 U.S.C.A. § 276a (1969) and the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 et seq. (1978). A state breach of contract claim was also entertained by the district court in the exercise of its pendent jurisdiction.

The jury found that the appellee had intentionally violated "the provisions of the Davis–Bacon Act or the FLSA" and returned a verdict in favor of the appellants. Pursuant to a pretrial stipulation,[2] the court awarded damages in the amount of unpaid wages plus an equal sum in liquidated damages. Costs of the action were also grant-

ed. The appellee moved for a judgment notwithstanding the verdict, urging that the liquidated damages portion of the recovery should be set aside because such damages do not lie under the Davis–Bacon Act. Both the appellee's motion and a contingent motion by the appellants for a new trial were granted by the court. Prior to a retrial of the case, however, the parties signed the consent agreement, under the terms of which the appellants were to receive more than their unpaid wages but somewhat less than the original double award.[3] Additionally, stipulation two of the consent order provided that "[t]he amount of attorney's fees and costs will be submitted to the Court for separate determination." No other language concerning fees appeared in the document.

Thereafter, the appellants filed a Motion for Attorney's Fees and Costs and Expenses. Although they asserted in the alternative that they were entitled to the fees by statute,[4] the appellants' initial conten-

---

1. The appellees challenge the appellants' right to appeal the fee issue on the strength of *Amstar Corp. v. Southern Pacific Transport Co. of Texas and Louisiana*, 607 F.2d 1100 (5th Cir. 1979) which holds that an appeal cannot be taken from an agreed judgment, even if the consent judgment contains an acknowledgment of one party's intent to appeal an issue therein. Only where a judgment has been entered adversely to a party is he entitled to appeal. Furthermore, one cannot accept the portions of a judgment that operate in his favor while appealing the portions that he finds detrimental to him. *White & Yarborough v. Dailey*, 228 F.2d 836 (5th Cir. 1955). However, the appellees misconstrue the posture assumed by the appellants here. These construction workers do not deny that the consent agreement entrusted the amount of the fee award to the judge's discretion. Rather, they contend that the grant of discretion was abused when the judge failed to award any fees at all. These facts can be distinguished from those in *White* where the plaintiff's attorneys appealed a consent judgment which arguably erroneously fixed their fees at $1,000.00 rather than $2,000.00. *White* presented a situation in which the precise sum, not susceptible of any ambiguity, had been agreed upon and the express command to pay that amount could not be denied. This is a case in which the judge's discretion to set the fees, as granted by the terms of the settlement, is acknowledged by both parties, but the exercise of that discretion is under attack by the appellants.

2. Under the section on principles of law as to which the parties were in agreement, the pretrial stipulation stated:

   If the Defendant intentionally violated the Davis–Bacon Act or the Fair Labor Standards Act provisions, the Plaintiffs are entitled to double liquidated damages for the difference between the Davis–Bacon Act wage and the actual wage paid for hours on the Havana Medical Center contract.

3. The relevant figures are:

| Plaintiff | Davis-Bacon Claim | Judgment Verdict | Consent Order Award |
|---|---|---|---|
| Strouse | $801.85 | $1,603.70 | $1,092.00 |
| Dean | 633.66 | 1,267.32 | 861.00 |
| Moates | 769.23 | 1,538.46 | 1,047.00 |
| (Total) | $2,204.74 | $4,409.48 | $3,000.00 |

4. The appellants claimed that their statutory entitlements were given direct consideration in reaching the final settlement and thus an award of attorney's fees could be justified by statutory authority. As the appellants maintain, reasonable attorney's fees must be awarded to the party bringing a successful FLSA suit. 29 U.S.C.A. § 216(b) (1977). Furthermore, although the Davis–Bacon Act does not command the grant of attorney's fees, the Davis-Bacon claim arose from a nucleus of fact common to both the FLSA cause of action and the pendent Florida action under laws which, ac-

tion was that, by its terms, the consent agreement established their right to the fees and left to the court's discretion only the amount of those fees. Neither side submitted evidence probative of the parties' intentions at the time of the consent. The district court held that the appellants were not entitled to attorney's fees. It reached this conclusion after searching for authority to award the fees in both the language of the agreement and the involved statutes. In its opinion, neither the agreement nor the statutes provided the basis for an award of attorney's fees. It is this order that is the subject of the present appeal.

◼ We hold that the trial judge erred in failing to award some measure of attorney's fees as set forth in the consent order. Although a consent decree is a judgment, it is to be construed for enforcement purposes as a contract. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238, 95 S.Ct. 926, 935, 43 L.Ed.2d 148, 162 (1975). Under the rules of construction applicable to consent agreements, the contract of consent, as the law between the parties, must be enforced as written. *Id.* at 236, 95 S.Ct. at 934, 43 L.Ed.2d at 161. Any command alleged to exist therein must be found "within its four corners." *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256, 263 (1971). Unless the language is ambiguous, there can be no departure from the "four corners" rule. *United States v. ITT Continental Baking Co.*, 420 U.S. at 238, 95 S.Ct. at 935, 43 L.Ed.2d at 162.

◼ In the instant case, the agreement expressly states that the "amount" is in question, not "entitlement." Moreover, the word "amount" is unambiguous, thus resort to circumstantial evidence, including the vacated jury verdict, to assess the bargaining position and intent of the parties is unnecessary. The language of the decree must be taken in its natural sense. *United States v. Armour & Co.*, 402 U.S. at 678, 91 S.Ct. at 1755, 29 L.Ed.2d at 261. We adopt the reading of the phrase commonly understood by most people and hold that under the terms of the consent document some award of attorney's fees is mandatory. Because we find a command of payment in the agreement itself, we do not consider the appellants' alternative arguments that they are entitled to fees by statute.

The district judge refused to enforce the contract of consent as written because of his belief that if the appellee had agreed that the appellants were entitled to fees the contract would have so stated. An equally persuasive argument can be made, however, that if the parties had not reached agreement on the entitlement issue, they would have chosen words that conclusively established the judge's right to decide the appellee's liability for attorney's fees. Because no such language was employed in the agreement, the judge was not free to in effect decide against entitlement. The only matter within the judge's discretion was the extent of the award.

A consent agreement normally embodies a compromise. In exchange for saving time and cost, as well as eliminating risk of total loss at trial, each party relinquishes the possibility of his success on the claim had the case proceeded to trial. *United states v. Armour & Co.*, 402 U.S. at 681–82, 91

cording to the appellants, do compel an award of fees. Thus, the appellants urge that under a "common nucleus" theory, attorney's fees must be paid pursuant to a settlement that is a direct consequence of a Davis–Bacon claim also. Finally the appellants cite Fla.Stat.Ann. § 448.08 (1978) which authorizes an award of attorney's fees with a successful suit for unpaid wages. They contend that this state statute generates fees ancillary to a successful federal action under the Davis–Bacon Act. Hence, the appellants advance three separate arguments for

statutory entitlement based upon the assumption that the settlement indicates success on at least one of the statutory claims, especially in light of the vacated jury verdict in favor of the appellants.

We do not address these statutory arguments because we are able to resolve the issue on the language of the consent agreement itself. Nor do we express an opinion on the use of a vacated jury verdict as evidence of a claim's merit.

S.Ct. at 1757, 29 L.Ed.2d at 263. Following a retrial, the jury might have concluded, as the original jury might have, that no liquidated damages, fee–generating statute like the FLSA was violated by the appellee.[5] Conversely, indications are that the appellants stood a chance of prevailing on their FLSA claim if the case were tried again.[6] It is not unlikely that the appellee agreed to pay attorney's fees, as calculated by the judge, in return for the appellants' agreement to take less than the double damages they would have received with a successful FLSA claim. The appellee has already benefited from the consent agreement in that it has settled the damages claim against it for less than it stood to lose at trial. It cannot now deny the validity of its agreement to pay some amount of attorney's fees nor can the judge refuse to award fees in disregard of the parties' express consent.

REVERSED and REMANDED for a determination of the amount of attorney's fees.

---

5. The individual judgments entered pursuant to the original jury verdict granted each appellant his unpaid wages plus his costs of action. Attorney's fees are not recoverable as costs, absent statutory authority, contractual provision or overriding public policy. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Consequently, it is unlikely that the judgment for costs included attorney's fees, since no mention of statutory authority was made in the award.

6. The jury originally found violations of "the Davis–Bacon Act or the FLSA." (emphasis added). In a successful FLSA action, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b) (1977). The original judgment apparently did not include those fees and the judge's order refers to a plaintiff's verdict rendered solely on the Davis–Bacon Act cause of action. However, given the verdict's wording, a second jury could have determined, consistent with the conclusion of the first jury, that FLSA violations had occurred. Furthermore, the appellants allege that the appellee's own records contain numerical data probative of FLSA violations.