693 F.2d 721
 7 Ed. Law Rep. 774
 Craton LIDDELL, et al., and Earline Caldwell, et al., City
of St. Louis, Janice Adams, et al., and Mary
Puleo, et al. United States of America, Appellees,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS, et al., and
State of Missouri, et al., Special School District of St.
Louis County, St. Louis County, et al., and Affton School
District, et al., Appellants.
 Nos. 81-1184, 81-1828, 81-1834, 81-1835, 81-1940, 81-2003,
81-2042, 81-2043, 81-2085, 81-2086, 81-2127,
81-2134 to 81-2140.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 2, 1981.
 
 Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.
 
 ORDER
 
 1
 Eighteen appeals are presently pending in this Court which raise issues related to the St. Louis public school desegregation lawsuit.[1] For the reasons which follow, we dismiss several of the appeals, for lack of jurisdiction, allow some to proceed with a reservation of the jurisdictional issues and allow others to proceed without specific reservation of jurisdictional issues. Each appeal will be considered individually or in subject matter groupings by reference to docket number.
 
 
 2
 In analyzing these appeals, we are mindful that "the line between appealable and nonappealable orders is rarely clear in a case in which the district court retains jurisdiction over a developing desegregation plan * * *." Liddell v. Board of Education, 667 F.2d 643, at 650 and 650-51 n. 5 (8th Cir.1981). Many of the appealability questions are "not free from doubt," id. 677 F.2d at 650-51 n. 5, but we will decide them within the letter and spirit of the applicable law. See generally School District of Kansas City v. Missouri, 592 F.2d 493 (8th Cir.1979) (per curiam). The basic premise underlying our analysis is that our jurisdiction is normally confined to the review of final orders, 28 U.S.C. Sec. 1291, or to the classes of interlocutory orders described in 28 U.S.C. Sec. 1292(a). Hoots v. Pennsylvania, 587 F.2d 1340, 1346 (3d Cir.1978). With these general principles in mind, we turn to the jurisdictional questions related to these appeals.
 
 A. No. 81-1184
 
 3
 In this appeal docketed on February 20, 1981, the state defendants[2] appeal from Judge Meredith's[3] December 19, 1980, order, 508 F.Supp. 101, which required them to submit a new plan of voluntary and cooperative desegregation on or before February 2, 1981, and to submit a further report on March 2, 1981.
 
 
 4
 A district court order requiring submission of a plan, without more, is not appealable.[4] See Morrissey v. Curran, 650 F.2d 1267, 1285-1286 n. 17 (2d Cir.1981); Spates v. Manson, 619 F.2d 204, 208-211 (2d Cir.1980). This general rule of nonappealability is equally applicable to district court orders which merely require preparation and submission of school desegregation plans. See, e.g., Hoots v. Pennsylvania, supra, 587 F.2d 1348-1351; Bradley v. Milliken, 468 F.2d 902 (6th Cir.), cert. denied, 409 U.S. 844, 93 S.Ct. 45, 34 L.Ed.2d 83 (1972); Taylor v. Board of Education, 288 F.2d 600 (2d Cir.1961).
 
 
 5
 Moreover, this Court has twice before approved the district court's paragraph 12(a) order which required the state defendants to make every possible effort to work out a voluntary plan of interdistrict pupil exchanges for the 1980-1981 school year. See Liddell v. Board of Education, 667 F.2d at 651 (8th Cir.1981); Liddell v. Board of Education, 667 F.2d at 659 (8th Cir.1981) (order).
 
 
 6
 For the above reasons, No. 81-1184 is dismissed.
 
 B. Nos. 81-1828, 81-1834 and 81-1835
 
 7
 In No. 81-1828, the Adams plaintiffs-intervenors[5] question "whether a joint plan conforms with this court's [the Eighth Circuit] Order for a merger of programs for vocational education." The Adams plaintiffs basically challenge the district court's June 11 and 12 orders which approved and ordered to be implemented a "purported" merger of programs operated by the Special District of St. Louis County and the St. Louis City School District.
 
 
 8
 In No. 81-1834, the Special School District of St. Louis County (SSD) appeals from its mandatory inclusion in an interdistrict plan as a result of the district court's orders of June 11, 1981, May 21, 1980, (as amended) 491 F.Supp. 351, and the June 3, 1980, district court findings of fact and conclusions of law. The SSD also challenges the September 12, 1980, district court order which added it as a party defendant.[6]
 
 
 9
 In No. 81-1835, the state defendants appeal from the district court's June 11, 1981, order which adopted a plan to desegregate vocational education in the City of St. Louis and St. Louis County. Specifically, the state defendants contend that the district court's June 11, 1981, order erroneously approved a 12(b) vocational plan[7] because: (1) "there was not sufficient record or evidence to support such an order or remedy;" and (2) "there was not sufficient record or evidence to support an order that State Defendants fund such a 12(b) vocational plan." (Emphasis added.)
 
 
 10
 The district court's June 11, 1981, order adopted, and ordered to be implemented, a 12(b) plan pursuant to a consent decree which had been endorsed by all parties except the Adams group. Therefore, the Adams group may challenge the 12(b) plan adopted by the district court. However, the SSD and the state defendants cannot challenge the 12(b) plan because they entered into the underlying consent decree. See generally Strouse v. J. Kinson Cook, Inc., 634 F.2d 883, 884 n. 1 (5th Cir.1981) (per curiam); Amstar Corp. v. Southern Pacific Transport Co., 607 F.2d 1100 (5th Cir.1979) (per curiam), cert. denied, 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980).
 
 
 11
 In short, we permit No. 81-1828 to proceed. We dismiss Nos. 81-1834 and 81-1835 because we believe they are not appealable. Counsel for the appellants in those cases may, if they wish, argue in support of the consent decree and the state of Missouri may argue whether the financial obligations imposed upon it with respect to the vocational education plan are inconsistent with our previous mandates.
 
 C. Nos. 81-1940 and 81-2003
 
 12
 In No. 81-1940, the state defendants challenge: (1) the district court's order (H(225)81)[8] which approved the desegregation budget for 1981-1982 proposed by the defendant St. Louis City Board of Education; and (2) the district court's order (H(226)81), entitled "An Educational Plan for Voluntary, Cooperative Desegregation of Schools in the St. Louis, Missouri Metropolitan Area," which approved a plan for voluntary transfer of students pursuant to paragraph 12(a) of the court's May 21, 1980, order 491 F.Supp. 351.
 
 
 13
 In No. 81-2003, the St. Louis City Board of Education challenges the district court's: (1) July 14, 1981, order (H(237)81) which denied the City Board's motion to compel the state defendants to pay the state's full share of the 1980-1981 desegregation budget; (2) August 5, 1981, order (H(294)81) which denied the City Board's request for a hearing and a motion for reconsideration of the district court's July 14, 1981, order; and (3) August 5, 1981, order (H(301)81) which denied the supplemental motion of the Board of Education of the City of St. Louis to compel the state defendants to pay the state's full share of the 1980-1981 desegregation budget. These district court funding orders basically concluded that the state's payment share for the 1980-1981 desegregation budget "does not include payments for certain expenditures which had been offset by contributions from private foundations and public agencies * * *."
 
 
 14
 We conclude that the challenged orders in these appeals are presently appealable because they amount to mandatory injunctions under 28 U.S.C. Sec. 1292(a)(1). We accordingly consolidate them and allow them to proceed in accordance with the schedule specified by our Clerk of Court. We emphasize, however, that the state defendants' obligation to fund one-half of the actual costs of implementing desegregation programs for the St. Louis school system has been established by this Court. See Liddell v. Board of Education, 667 F.2d at 655 (8th Cir.1981). Therefore, our review of the state defendants' fiscal obligations for desegregation costs is limited solely to the issue of what numerical figure constitutes one-half of the actual costs of integrating the St. Louis school system.
 
 
 15
 D. Remaining Appeals (Nos. 81-2042, 81-2043, 81-2085, 81-2086, 81-2127, 81-2134, 81-2135, 81-2136, 81-2137, 81-2138, 81-2139 and 81-2140)
 
 
 16
 The remaining appeals essentially focus on three district court orders:
 
 
 17
 (1) H(337)81, entered on August 24, 1981, which, most significantly: (a) added eighteen St. Louis County school districts[9] as parties; (b) added, sua sponte, three St. Louis County governmental officials as party defendants--County Executive Gene McNary, County Treasurer Harlow Richardson and Collector of St. Louis County Contract Account George C. Leachman; and (c) ordered the state defendants, the United States[10] and the St. Louis City Board of Education to develop and submit, by February 1, 1982, a suggested plan of interdistrict school desegregation for St. Louis City and St. Louis County.[11]
 
 
 18
 This Court previously approved paragraphs 12(a)-(c) of the May 21, 1980, district court order, 491 F.Supp. 351, both as originally entered, Liddell v. Board of Education, 667 F.2d at 656-59 (8th Cir.1981), and as subsequently amended, Liddell v. Board of Education, 667 F.2d at 656-59 (8th Cir.1981) (order). Paragraphs 12(a)-(c) are fully set forth in our March 19, 1981, order, supra, 667 F.2d at 657-58. We doubt whether we can or should permit the validity or scope of paragraph 12(c), which essentially requires the development and submission of proposed interdistrict desegregation plans, to be reargued. Nevertheless, reserving the jurisdictional questions and making clear that we have not withdrawn or modified paragraph 12(c), we will permit the parties to brief and argue the question.
 
 
 19
 (2) H(493)81, entered on September 24, 1981, which granted the Adams plaintiffs' motion to sever the amended, supplemental and cross-complaints of the defendant St. Louis City Board of Education and Caldwell plaintiffs (filings H(348)81 and H(351)81). The severed claims essentially relate to the potential interdistrict liability issues concerning the newly added defendants specified in H(337)81. We again doubt whether this order is presently appealable. See 9 Moore's FEDERAL PRACTICE p 110.13 p. 183 (1980). Nevertheless, and again reserving the jurisdictional questions, we will allow the various challenges to this order to proceed.
 
 
 20
 (3) H(494)81, entered on September 24, 1981, in which the district court: (a) refused to recuse itself as to the issues raised in the original suit; but (b) recused itself as to the potential future findings of interdistrict liability raised in the amended, supplemental and cross-complaints of the defendant City Board and the Caldwell plaintiffs.
 
 
 21
 Because we conclude that the various appeals from H(494)81 arguably fall within our appellate jurisdiction,[12] we will allow the various challenges to it to proceed, but we reserve ruling on the jurisdictional issues until after briefing and oral argument.
 
 
 22
 We have carefully examined the remaining district court orders which are challenged in this final grouping of appeals and conclude that we lack jurisdiction to entertain them because they are nonfinal under 28 U.S.C. Sec. 1291, nonappealable under 28 U.S.C. Sec. 1292(a) and nonappealable even under the collateral order doctrine. See generally School District of Kansas City v. Missouri, supra, 592 F.2d at 496. Our reasons for dismissing the challenges to the remaining district court orders at issue are, quite briefly, with reference to each separate appeal as follows:
 
 
 23
 (a) 81-2042
 
 
 24
 In this appeal, the Caldwell plaintiffs-intervenors challenge eight district court orders: (1) H(336)81;[13] (2) H(337)81; (3) H(341)81; (4) H(476)81; (5) H(409)81; (6) H(410)81; (7) H(493)81; and (8) H(494)81. As previously discussed, we will entertain the various challenges to H(337)81, H(493)81 and H(494)81, but will reserve ruling on the jurisdictional issues relating to those orders. The remaining orders challenged by the Caldwell group are not presently appealable and, therefore, will not be reviewed.
 
 
 25
 (b) 81-2043
 
 
 26
 In this appeal, the St. Louis City Board of Education challenges H(337)81, H(410)81, H(493)81 and H(494)81. Only the claims relating to H(337)81, H(493)81 and H(494)81 are allowed to proceed.
 
 
 27
 (c) 81-2085
 
 
 28
 In this appeal, the Liddell plaintiffs appeal from the district court's September 25, 1981, order (H(423)81) which denied their motion to amend the original complaint of the original Liddell plaintiffs. We conclude that we lack jurisdiction to entertain this claim and accordingly dismiss 81-2085. See, e.g., McClune v. Shamah, 593 F.2d 482, 486 (3d Cir.1979); Wells v. South Main Bank, 532 F.2d 1005, 1006 (5th Cir.1976) (per curiam).
 
 
 29
 (d) 81-2086
 
 
 30
 In this appeal, the School District of Riverview Gardens appeals from H(337)81, H(492)81 and H(494)81. As discussed supra, only the challenges relating to H(337)81 and H(494)81 will be allowed to proceed.
 
 
 31
 (e) 81-2127
 
 
 32
 The Hazelwood School District appeals from H(337)81, H(492)81, H(494)81 and H(540)81. Only the challenges to H(337)81 and H(494)81 will be considered.
 
 
 33
 (f) 81-2134
 
 
 34
 In this appeal, the St. Louis County Governmental Officials[14] challenge H(337)81 and H(494)81. These challenges may proceed.
 
 
 35
 (g) 81-2135
 
 
 36
 The Mehlville Board of Education appeals from H(337)81, H(492)81, H(494)81 and H(540)81. As previously discussed, only H(337)81 and H(494)81 are presently appealable.
 
 
 37
 (h) 81-2136
 
 
 38
 The Lindbergh and Affton School Districts appeal from H(337)81, H(492)81 and H(494)81. As discussed above, only the claims relating to H(337)81 and H(494)81 will be allowed to proceed.
 
 
 39
 (i) 81-2137
 
 
 40
 The Rockwood Board of Education appeals from the district court's order designated as H(337)81. Its challenge to this order, for the reasons previously discussed, may proceed.
 
 
 41
 (j) 81-2138
 
 
 42
 The Webster Groves Board of Education appeals from the district court's order designated as H(337)81. Its challenge may proceed.
 
 
 43
 (k) 81-2139
 
 
 44
 The Parkway School District challenges H(337)81, H(493)81 and H(494)81. These claims will be considered.
 
 
 45
 (l) 81-2140
 
 
 46
 The Ladue School District challenges H(337)81 which joined it as a party defendant and H(494)81 regarding a potential interdistrict remedy. For the reasons previously discussed, the claims relating to H(337)81 may proceed. To the extent that the Ladue School District challenges the portion of H(494)81 relating to the preparation and submission of interdistrict desegregation plans, its claims are dismissed. Only the recusal issues in H(494)81 may be challenged at this time.
 
 REMAINING ISSUES:
 
 47
 Several additional matters remain for disposition. First, as our Clerk of Court orally informed the attending parties at an appeal organizational meeting on November 2, 1981, this Court denies the various requests for en banc consideration of these appeals. We will consider the appeals over which we have jurisdiction on January 11, 1982. The Court appreciates the efforts of those attorneys who elected to meet and cooperate with our Clerk of Court in order to consolidate the issues and limit briefing.
 
 
 48
 Second, the motion of certain parties seeking permission for limited intervention on appeal is granted only insofar as their request is related to district court orders which we have found appealable or permitted to proceed at this time.
 
 
 49
 Third, we have refrained from discussing various portions of the district court orders underlying these appeals. For example, we have not addressed orders which stayed certain proceedings pending before it for the reason that they are not appealable. See, e.g., Castanho v. Jackson Marine, Inc., 650 F.2d 546, 548-549 (5th Cir.1981) (per curiam). The district court must retain day-to-day management of this complex case.
 
 
 50
 Finally, the Riverview Gardens School District moves this Court, purportedly pursuant to Fed.R.App.P. 46(c) and old 8th Circuit Rule 15 (now 8th Circuit Rule 22), to disqualify the St. Louis law firm of Lashly, Caruthers, Thies, Rava and Hamel from representing the St. Louis City Board of Education against Riverview Gardens in this litigation. We deny the motion as being without merit.
 
 CONCLUSION:
 
 51
 The parties in this case are admonished to avoid filing premature and piecemeal interlocutory appeals which have no jurisdictional basis. We have repeatedly stressed the clear duty of the St. Louis City Board of Education and the state defendants to comply with the district court's final remedial orders as approved by this Court. The City Board and state defendants must provide integrative opportunities for pupils in all-black schools and take all appropriate steps to insure a quality education in those schools. Voluntary integrative participation should be encouraged. The district court's orders which ordered submission of interdistrict desegregation feasibility plans are independent from, and thus cannot provide the basis for any delay in the implementation of, the desegregation remedies previously approved by this Court. We order prompt compliance with our mandate.
 
 
 52
 Finally, we take this opportunity to thank those attorneys who attended the two organizational meetings relating to these appeals which were organized by our Clerk of Court. The Court appreciates counsels' efforts to cooperate in the limitation of issues and consolidation of briefs. We also realize that this order will require adjustments in the various briefs which have been or will be submitted. However, we are certain that counsel will make necessary adjustments in the same cooperative spirit which, our Clerk of Court informs us, was evidenced at the two organizational meetings relating to these multiple appeals.
 
 
 53
 The appeals are directed to proceed or are dismissed in accordance with our discussion above.
 
 
 54
 So ordered.
 
 
 
 [1]
 The St. Louis public school desegregation case has been before us on three prior occasions. See Liddell v. Board of Education, 667 F.2d 643 (8th Cir.1981); Adams v. United States, 620 F.2d 1277 (8th Cir.) (en banc), cert. denied, 449 U.S. 826, 101 S.Ct. 88, 66 L.Ed.2d 29 (1980); Liddell v. Caldwell, 546 F.2d 768 (8th Cir.1976), cert. denied, 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977)
 
 
 [2]
 "The 'State Defendants' include the State of Missouri and its Board of Education, as well as the following Missouri officials: the Governor, the Attorney General, the Treasurer, the Commissioner of Education, the Commissioner of Administration, and the individual members of the Missouri Board of Education." Liddell v. Board of Education, 667 F.2d at 648 n. 2 (8th Cir.1981)
 
 
 [3]
 The Honorable James H. Meredith, now United States Senior District Judge for the Eastern District of Missouri, presided in the St. Louis public school desegregation case until December of 1980, when it was assigned to the Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri
 
 
 [4]
 Even though the district court's December 19, 1980, order, 508 F.Supp. 101, specifies that certain information must be contained in the plans, we nevertheless conclude that this order cannot be appealed
 
 
 [5]
 The Adams plaintiffs-intervenors consist of a white parents group which represents the Concerned Parents for Neighborhood Schools. E.g., Adams v. United States, 620 F.2d 1277, 1283 (8th Cir.) (en banc), cert. denied, 449 U.S. 826, 101 S.Ct. 88, 66 L.Ed.2d 29 (1980)
 
 
 [6]
 The portion of the district court's order which added the SSD as a party defendant is not appealable. See, e.g., Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir.1978)
 
 
 [7]
 Paragraph 12(b) of an earlier district court order, which has been approved by this Court, directed the state defendants and the St. Louis City Board of Education
 [t]o develop and submit to the Court * * * a plan for the consolidation or merger and full desegregation of the separate vocational educational programs operated by the Special District of St. Louis County and the school district of the City of St. Louis, for implementation in the 1981-82 school year.
 Liddell v. Board of Education, 667 F.2d at 658 (8th Cir.1981) (order).
 
 
 [8]
 For convenience, we will occasionally utilize the numerical designations which the district court has used for its various orders in this case
 
 
 [9]
 Affton, Bayless, Brentwood, Hancock Place, Hazelwood, Jennings, Ladue, Lindbergh, Maplewood-Richmond Heights, Mehlville, Normandy, Parkway, Pattonville, Riverview, Rockwood, Valley Park, Webster Groves and Wellston
 
 
 [10]
 The district court subsequently excused the United States from any obligation to develop and submit any suggested plan of interdistrict school desegregation
 
 
 [11]
 We note parenthetically that on Monday, November 16, 1981, the district court received four interdistrict desegregation feasibility plans which were prepared by the state defendants, the St. Louis City Board of Education and the court-appointed experts. The district court apparently views these plans as preliminary to the final interdistrict feasibility plans which must be submitted by February 1, 1982
 
 
 [12]
 We direct the parties challenging H(494)81 to brief the jurisdictional issue in light of the following relevant decisions: Hampton v. Chicago, 643 F.2d 478 (7th Cir.1981) (per curiam); Scarrella v. Midwest Federal Savings & Loan, 536 F.2d 1207 (8th Cir.) (per curiam), cert. denied, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); Donaldson v. Pillsbury Co., 529 F.2d 979 (8th Cir.1976) (per curiam); and Kelley v. Metropolitan County Board of Education, 479 F.2d 810 (6th Cir.1973) (order)
 
 
 [13]
 In H(336)81, the district court ordered implementation of the voluntary interdistrict desegregation plan as a pilot project. That order applied only to those St. Louis County school districts which elected to participate in the voluntary interdistrict plan. We conclude H(336)81 is not presently appealable because of its limited and voluntary nature
 
 
 [14]
 The St. Louis County Governmental Officials-appellants consist of County Executive Gene McNary, County Treasurer Harlow Richardson and Collector of St. Louis County Contract Account George C. Leachman