UNITED STATES of America, Appellee,

v.

STATE OF ARKANSAS et al., Appellants.

Conway County Board of Education et al., Amicus Curiae.

No. 80–1419.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Oct. 31, 1980.

Steve Clark, Atty. Gen. by Nelwyn Leone Davis, Asst. Atty. Gen., Little Rock, Ark., for appellants.

George W. Proctor, U. S. Atty., Little Rock, Ark., Drew S. Days, III, Asst. Atty. Gen., Walter W. Barnett, Frank D. Allen, Jr., Attys., Dept. of Justice, Washington, D. C., on brief, for appellee.

Before LAY, Chief Judge, BRIGHT and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

The State of Arkansas appeals from three orders issued by the United States District

Court for the Eastern District of Arkansas [1] in connection with the desegregation of three school districts in South Conway County, Arkansas. Appellant contends that the district court erred in reinstating the State as a party defendant for the remedial phase of this litigation. In directing it to pay the additional costs of the school districts in implementing the court's desegregation plan, and in holding it financially liable for those attorneys' fees incurred by the school districts in resisting the Government's desegregation suit. For reasons set forth below, however, this appeal and appellant's contentions must be dismissed for want of appellate jurisdiction.

In its jurisdictional statement, the State of Arkansas asserts that this court has jurisdiction under 28 U.S.C. § 1291 (1976). Appellant also asserts that the orders from which it appeals "were entered in final appealable form by Judge Eisele for the express purpose of appeal." Although this latter statement does not specifically refer to the rule, appellant apparently contends that the orders in question contain a Rule 54(b) determination from which it may presently appeal.[2] See Fed.R.Civ.P. 54(b). Rule 54(b), however, like 28 U.S.C. § 1291, expressly requires the entry of a "final judgment" or "final decision" of a district court to invoke the jurisdiction of this court. None of the orders challenged on appeal constitutes a final decision within the meaning of either provision.

On April 9, 1980, the district court granted a motion by the Plumerville School District to reinstate appellant and the State Department of Education as party defendants because of the State's prior role in contributing to the establishment of an unconstitutionally segregated school system in South Conway County. That order, however, specifically noted that the State had yet to be held liable for any amount of damages or costs.

In its response of March 13, 1980, the State "contends that absent a showing that additional cost is imperative in desegregation, the state has no obligation to share in the cost." This may well be true. Up to this time there has been no showing that because of the costs of complying with the desegregation order of this Court, the school districts now, or the consolidated schools in 1980–81, will be unable to provide education for their students without some additional funding. Should such a showing be offered, the State shall be allowed to oppose same or to offer specific, realistic alternatives for financial support of the schools in Conway County.

On May 7, 1980, the district court took that additional step against the State by directing it "to pay those increased costs of operation of the separate districts and of the consolidated district which have directly resulted from the Court's Consolidation Order * * * so that the level of educational quality may be maintained at the level which existed prior to the entry of the Order." Like the April 9 order, however, this directive did not require the State to pay any specific sum to any school district; rather, the court required those school districts wishing to collect their expenses to file petitions itemizing and documenting their claimed expenses and detailing the cause–effect relationship between those expenses and the desegregation proceedings. Furthermore, the court stated it would hold an evidentiary hearing on any petition contested by the State, and that the State would have access to all financial records of the districts so that it could contest the claimed expenses and their relationship to the desegregation action.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas, presided over these proceedings.

2. Rule 54(b) provides in pertinent part:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

On June 6, 1980, the district court modified its May 7 order to include attorneys' fees as costs that could be taxed against the State. That modification, however, left unaffected the procedure for determining any factual issues that might arise should any of the districts attempt to recover expenses from the State. In addition, the June 6 order held in abeyance Plumerville School District's petition for reimbursement pending this appeal.

From this description of the relevant orders, it is apparent that none of the orders "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–634, 89 L.Ed. 911 (1945). As succinctly summarized by the district court's memorandum of June 4, 1980,

> [t]he Court's Order of May 7, 1980, sets forth the legal standard and principle pursuant to which it is holding the State responsible for additional costs. That Order is not self–executing. It specifically provides for a procedure for a determination of factual issues that may arise should any of the districts attempt to recover expenses from the State of Arkansas. The Order of May 7, 1980, is a final order with respect to the legal theory of liability. It is possible that the various school districts will make motions pursuant thereto from time to time in the future. No order presently exists requiring the State of Arkansas to pay any specific sum to any school district.

That the district court's orders have resolved only the legal issue of liability but left unresolved the application of that legal principle also becomes clear from the issues that would arise should any of the school districts file petitions for reimbursement: whether the court's desegregation order directly caused the expenses claimed by the school districts; whether those expenses have been sufficiently itemized and documented; whether the claims of attorneys' fees directly resulted from the school district's resistance to the Government's desegregation complaint; and whether or how the claimed sums should be allocated among the various districts affected by the court's consolidation order.

Accordingly, the district court's orders do not constitute a final decision upon which the jurisdiction of this court may be invoked. Furthermore, in the absence of any order directing the State to pay a specific sum to one of the affected school districts, no harm will come to the State by requiring it to await a final decision on the remaining questions in this litigation. To pass upon the issues presently raised on appeal would only lead to piecemeal review of the case—the harm that the final decision rule was designed to avoid. *See Giordano v. Roudebush*, 565 F.2d 1015, 1018 (8th Cir. 1977). For these reasons, we must dismiss this appeal for lack of appellate jurisdiction under either 28 U.S.C. § 1291 or Rule 54(b).