**Brenda SHERPELL, As Parent and Next Friend of Clyde Sherpell; and Easter Bell, As Parent and Next Friend of Malinda Bell; and Katherine Raynor, As Parent and Next Friend of Marcie Raynor; and Ethel Criss, As Parent and Next Friend of Michael Criss; and Joe Bryant, As Parent and Next Friend of Patrick Bryant, Appellees,**

v.

**HUMNOKE SCHOOL DISTRICT NO. 5 OF LONOKE COUNTY; and Leroy Isbell, Individually and as President of Humnoke School Board; and Tom Camp, Harry Loftis, Lillian Calvert and Elbert Carter, Individually and as Members of the Humnoke Public School Board; Tommy Jones, Appellants.**

No. 85–2316.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1986.

Decided March 24, 1987.

*Id.* at 795–96 (citations omitted).

G. Ross Smith, Little Rock, Ark., for appellants.

C. Lani Guinier, New York City, for appellees.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Officials of the Humnoke School District No. 5 of Lonoke County, Arkansas, appeal from a district court[1] decision finding them liable for violating students' and parents' rights under 42 U.S.C. §§ 1983, 1985 and the fourteenth amendment and setting forth a procedure to begin redressing the violations. On motion of appellees, we dismiss the appeal without prejudice as premature.

Parents of school children in the Humnoke School District brought this action alleging that District officials discriminated against them and their children because they are black. The district court held that the District's faculty allocation and assertive discipline policies resulted in racial discrimination. The district court also held that students were unconstitutionally subjected to a racially discriminatory environment and that the at-large system for electing school board members had the purpose of limiting black voters' opportunity to participate.[2]

To redress these violations, the district court "enjoined" the District to eliminate the racial atmosphere in the schools. It ordered the District to form a bi-racial committee, subject to the approval of the court and input from the plaintiffs. The District was then to formulate plans, subject to the bi-racial committee's input and the court's approval, to ensure that faculty members were hired, retained, promoted, and compensated on a non-discriminatory basis and to revise the District's assertive discipline procedure. The district court also ordered the parties to submit recommendations for a time frame within which to discontinue the use of the at-large election procedure and an alternative system. Finally, the district court retained jurisdiction to ensure that the constitutional and legal violations were remedied.

This court does not have jurisdiction to review district court orders, either under 28 U.S.C. § 1291 or § 1292(a), that require parties to submit a plan. *Liddell v. Board of Education*, 693 F.2d 721, 723 (8th Cir. 1981) (order). Neither does appellate jurisdiction exist because the district court specified to a limited extent the content of the plan to be submitted. *Id.* at 723 n. 4. For the most part, the district court's order, in

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas. The district court's opinion is reported as *Sherpell v. Humnoke School District No. 5*, 619 F.Supp. 670 (E.D.Ark.1985).

2. The district court also held that the plaintiffs failed to establish a prima facie case for intentional infliction of emotional distress and held that Clyde Sherpell failed to make a prima facie case that he was excessively beaten under Arkansas law.

**540**

this case, merely directs District officials to formulate a plan for court approval. It is of no consequence that the district court required the participation of a bi-racial committee in the planning process. Moreover, the court's order does not become reviewable because it defined some of the plan's content. The district court's procedural and substantive guidance merely ensure that a plan comporting with the law will be developed. This court's jurisdiction should not be invoked on the basis of the district court's directions for the efficient formulation of a legal plan.

■ As indicated, the district court did specifically command the District "to initiate promptly an affirmative program designed to eliminate the racial atmosphere" in the schools. *Sherpell,* 619 F.Supp. at 681. Although couched in affirmative terms, we do not conclude that this portion of the order is appealable at this time. When read in the context of the entire order, it is clear that a reviewable injunction was not issued; rather, the command is to make a start, largely planning, toward constitutional status. Review of only this portion of the order might lead to piecemeal appeals contrary to the policy underlying the jurisdictional statutes. *See Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 178, 75 S.Ct. 249, 250, 99 L.Ed. 233 (1955); *United States v. Arkansas,* 632 F.2d 712, 714 (8th Cir.1980); *Giordano v. Roudebush,* 565 F.2d 1015, 1018 (8th Cir. 1977).

We, therefore, dismiss the appeal without prejudice for lack of jurisdiction.