George WILLIAMS, Appellant,

v.

Bill M. ARMONTROUT, Donald Cline, Gerald Bommel, Appellees.

No. 87–1496.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 31, 1987.

Decided Oct. 23, 1987.

Curtis E. Woods, Kansas City, Mo., for appellant.

Duane Buter, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

804

Before HEANEY, FAGG and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

This matter is before the Court on George Williams's appeal from a decision of the United States District Court for the Western District of Missouri. We dismiss the appeal without prejudice because it is a piecemeal one.

Williams has been confined in a Missouri penal institution for many years. In 1975, he was convicted of the second degree murder of a correction officer at the prison. From that date until 1982, he was confined in administrative segregation within the penitentiary. In February of that year, he was transferred to the Special Management Facility, a behavior modification unit which is also considered to be administrative segregation. He has remained in that unit since that date. Williams's status has been reviewed every ninety days by the Classification Committee. After each review, he has simply been advised that his status has remained "as is."

In September of 1986, Williams filed an action in district court. In January of the next year, he filed an amended complaint which included claims of: (1) denial of equal protection; (2) inadequate medical treatment; (3) denial of due process with respect to his long-term continuing confinement in administrative segregation; and (4) violations of established policies of the prison.

The matter was referred to a magistrate who granted Williams leave to proceed in forma pauperis on his equal protection and medical claims. He recommended that Williams's due process claims be dismissed as frivolous. The magistrate reasoned that because Williams had received periodic ninety-day reviews and because his administrative segregation was being continued for his 1975 crime, the "as is" explanation was sufficient, and the violations of state policy were not actionable. The district

court adopted the magistrate's recommendations, and Williams appealed.

We felt the due process issues[1] were sufficiently important to appoint counsel. Now that briefs have been filed, we realize the appeal is premature because two important issues remain to be decided by the district court. We therefore must dismiss Williams's appeal. *See, e.g., Sherpell v. Humnoke School District No. 5,* 814 F.2d 538, 540 (8th Cir.1987).

This action does not prejudice Williams's right to renew his appeal when the district court has fully ruled on the matter. In such an instance, we will look with favor on a renewed application for appointment of counsel.

---

1. *See Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Franco v. Moreland,* 805 F.2d 798 (8th Cir.1986); *Clark v. Brewer,* 776 F.2d 226 (8th Cir.1985); *Parker v. Corrothers,* 750 F.2d 653 (8th Cir.1984); *Kelly v. Brewer,* 525 F.2d 394 (8th Cir.1975).